**JODI DENISE THORP**
California State Bar No. 223667
427 "C" Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169
Fax: (619) 223-3569
email: jodithorp@thorplawoffice.com

Counsel for Mr. Aispuro

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SANMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUADALUPE AISPURO,<br><br>Defendant. | Case No. 07CR3133-JLS<br><br>DATE: February 1, 2008<br>TIME: 1:30 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
CARLOS ARGUELLO, ASSISTANT UNITED STATES ATTORNEY:

**I.**

**STATEMENT OF FACTS**

Mr. Guadalupe Aispuro is charged with possession and importation of marijuana.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Guadalupe Aispuro moves for the production of the following additional discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the

defendant, which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response by the defendant to interrogation; the substance of any oral statements, which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings, which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A)[1]. The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2) Arrest Reports and Notes. The defendant also specifically requests that the government turn over all arrest reports, notes and TECS records not already produced that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland. The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding).

(3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Kyles v. Whitley, 514 U.S. 419 (1995). Under Brady, Kyles and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused.

---

[1] Of course, any of Mr. Guadalupe Aispuro's statements, which are exculpatory, must be produced, as well. See Brady v. Maryland, 373 U.S. 83 (1963).

See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates Mr. Guadalupe Aispuro.

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. The government must also produce this information under Brady v. Maryland. This request includes any cooperation, or attempted cooperation, by the defendant, as well as any information, including that obtained from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. See United States v. Vega, 188 F.3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." Id.; United States v. Perez-Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Guadalupe Aispuro requests such reasonable notice at least two weeks before trial, so as to adequately investigate and prepare for trial.

(7) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8) Request for Preservation of Evidence. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government, and which relates to the arrest, or the events leading to the arrest, in this case. This request includes, but is not limited to, the narcotics evidence, the results of any fingerprint analysis, the vehicle which the defendant drove, the defendant's personal effects, any effects found within the vehicle, and

any evidence seized from the defendant, or any third party in relation to this case. In addition, Mr. Aispuro requests an opportunity to view and weigh the narcotics.

(9) Henthorn Evidence. Mr. Guadalupe Aispuro requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. Kyles, 514 U.S. at 419; United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Lacy, 896 F. Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10) Tangible Objects. The defendant requests the opportunity to weigh the narcotics, to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense, or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C). Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession of the vehicle, the defendants, and any other photos taken in connection with this case.

(11) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of three weeks prior to trial, so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

(12) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13) Impeachment Evidence. The defendant requests any evidence that any prospective

government witness has engaged in any criminal act whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

(14) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(15) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(16) Jencks Act Material. The defendant requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report, or notes, to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview notes are subject to Jencks Act).

(17) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

(18) Agreements Between the Government and Witnesses. In this case, the defendant requests identification of any cooperating witnesses, who have committed crimes, but were not charged, so that they may testify for the government in this case. The defendant also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,

forfeiture or fine liability between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

Pursuant to United States v. Sudikoff, 36 F. Supp.2d 1196 (C.D. Cal. 1999), the defense requests all statements made, either personally or through counsel, at any time, which relate to the witnesses' statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of these witnesses, any agreement sought, bargained for, or requested on the part of the witness at any time.

(19) Informants and Cooperating Witnesses. To the extent that there was any informant, or any other tip leading to a TECS hit in this case, the defendant requests disclosure of the names and addresses of all informants, or cooperating witnesses, used, or to be used, in this case, and in particular, disclosure of any informant who was a percipient witness in this case, or otherwise participated in the crime charged against Mr. Guadalupe Aispuro. The government must disclose the informant's identity and location, as well as the existence of any other percipient witness, unknown or unknowable, to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants, which exculpates, or tends to exculpate, the defendant.

(20) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States. Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(21) Residual Request. Mr. Guadalupe Aispuro intends, by this discovery motion, to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Guadalupe Aispuro requests that the government provide his attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Guadalupe Aispuro requests leave to file additional information after counsel has had an

opportunity to thoroughly review the discovery in his case. The denial of this motion will result in a violation, at a minimum, of Mr. Guadalupe Aispuro's Fifth and Sixth Amendment rights. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery and investigation.

## IV.

## CONCLUSION

For the reasons stated above, Mr. Guadalupe Aispuro moves this Court to grant his motions.

Respectfully submitted,

DATED: January 8, 2008

/s/ Jodi Denise Thorp
**JODI DENISE THORP**
Attorneys for Mr. Guadalupe Aispuro