UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: THE IMPANELMENT OF GRAND JURY PANELS 07-1 AND 07-2 )

BEFORE THE HONORABLE LARRY ALAN BURNS

UNITED STATES DISTRICT JUDGE

# REPORTER'S TRANSCRIPT OF PROCEEDINGS

WEDNESDAY, JANUARY 11, 2007

COURT REPORTER:

EVA OEMICK
OFFICIAL COURT REPORTER
UNITED STATES COURTHOUSE
940 FRONT STREET, STE. 2190
SAN DIEGO, CA 92101
TEL: (619) 615-3103

**SAN DIEGO, CALIFORNIA-WEDNESDAY, JANUARY 11, 2007-10:45 A.M.**

MR. HAMRICK: YOU AND EACH OF YOU DO SOLEMNLY SWEAR OR AFFIRM THAT YOU WILL GIVE TRUE ANSWERS TO ALL QUESTIONS THAT WILL BE PUT TO YOU TOUCHING ON YOUR QUALIFICATION TO SERVE AS A GRAND JUROR DURING THIS SESSION OF COURT, SO HELP YOU?

(ALL GRAND JURORS RESPOND AFFIRMATIVELY)

MR. HAMRICK: THANK YOU. PLEASE BE SEATED AND COME TO ORDER.

THE COURT: LADIES AND GENTLEMEN, GOOD MORNING AND WELCOME TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA. YOU'RE HERE TODAY IN CONNECTION WITH OUR EFFORT TO IMPANEL GRAND JURIES. I KNOW ALL OF YOU HAVE SEEN THE FILM ABOUT THE FUNCTION OF THE GRAND JURY. I'M GOING TO TALK A LITTLE BIT MORE ABOUT THAT LATER IN MY REMARKS AND MY INTERACTIONS WITH YOU TODAY.

WE'RE ESSENTIALLY LOOKING FOR PEOPLE WHO CAN FAIRLY AND CONSCIENTIOUSLY EVALUATE A SET OF FACTS AND MAKE AN IMPORTANT DECISION ABOUT WHETHER CASES SHOULD MOVE FORWARD TO TRIAL. THAT'S THE FUNCTION OF THE GRAND JURY. YOU'RE TO WEED OUT THE GROUNDLESS CHARGES FROM THOSE THAT HAVE MERIT, ALTHOUGH ACKNOWLEDGING THAT YOU'RE NOT MAKING A FINAL DECISION ON WHETHER A PERSON IS GUILTY OR NOT OF A CRIMINAL CHARGE. BUT THE IDEA OF PUTTING A PERSON THROUGH A TRIAL OF ITSELF IS A SIGNIFICANT RESPONSIBILITY, AND THAT'S THE RESPONSIBILITY

THAT WE CALL ON YOU TO FULFILL.

MY NAME IS LARRY BURNS. I'M THE JURY JUDGE. I'LL TELL YOU A LITTLE BIT ABOUT OUR COURT.

WE HAVE 12 ACTIVE JUDGES HERE NOW AND FIVE SENIOR JUDGES. WHEN A FEDERAL JUDGE TURNS 65 AND ASSUMING THEIR AGE AND THEIR YEARS OF SERVICE ADD UP TO 80, THEY CAN GO SENIOR AND WORK A REDUCED CASELOAD. BUT OUR SENIORS IN OUR VERY BUSY DISTRICT WORK VERY, VERY HARD.

EACH OF US, EACH OF OUR JUDGES HERE, WAS APPOINTED BY ONE OF THE PRESIDENTS OF THE UNITED STATES AND CONFIRMED BY THE SENATE. WE HAVE A VERY BUSY, ACTIVE DISTRICT HERE. OUR PROXIMITY TO THE BORDER GIVES US LOTS OF CASES. I THINK IF YOU SERVE ON THE GRAND JURY OR IF YOU'VE BEEN HERE BEFORE SERVING AS A TRIAL JUROR, YOU'RE AWARE THAT PEOPLE TRY TO BRING THE STRANGEST THINGS ACROSS THE BORDER, A LOT OF WHICH ARE PROHIBITED; PEOPLE, DRUGS, PARROTS, KNOCK-OFF CALVIN KLEIN JEANS. ALL THOSE THINGS ARE NOW IMPLICATED BY THE FEDERAL LAWS.

LET ME INTRODUCE THE CLERK OF OUR COURT, MR. HAMRICK. HE'S THE THAT CALLED COURT TO ORDER.

WE ALSO HAVE SOME REPRESENTATIVES HERE FROM THE UNITED STATES ATTORNEY'S OFFICE. THEY WORK VERY CLOSELY WITH THE GRAND JURY. THEY'RE THE ONES THAT DECIDE, IN THE FIRST INSTANCE, WHETHER A CASE SHOULD BE BROUGHT. IT'S SUBJECT TO THE APPROVAL OF THE GRAND JURY THAT THE CASE CAN GO FORWARD.

IF YOU'RE CHOSEN AS A GRAND JUROR, YOU'RE GOING TO BE HEARING, BY AND LARGE, CASES PRESENTED BY THE ASSISTANT UNITED STATES ATTORNEYS WHO WORK IN OUR DISTRICT.

REPRESENTING THAT OFFICE IS MR. TODD ROBINSON. HE'S A VERY FINE LAWYER. I'VE KNOWN HIM FOR YEARS. HE'S A FINE TRIAL LAWYER, VERY SMART FELLOW.

AND [redacted] WHO'S BEEN WITH THE U.S. ATTORNEY'S OFFICE FOR SOME TIME, ALSO, SHE'S THE GRAND JURY ASSISTANT. YOU'LL BE GETTING TO KNOW HER IN WORKING WITH HER.

AND THEN WHOSE [redacted] OUR JURY ADMINISTRATOR.

AND THEN FINALLY I THINK MOST OF YOU HAVE MET [redacted] SHE'S OUR JURY CLERK.

AND THEN THIS YOUNG WOMAN HERE, EVA OEMICK, SHE'S MY COURT REPORTER. YOU'LL SEE HER OCCASIONALLY WHEN YOU COME DOWN TO RETURN GRAND JURY INDICTMENTS. AFTER YOU DECIDE WHICH CASES SHOULD GO FORWARD, USUALLY THE FOREPERSON OR THE DEPUTY FOREPERSON WILL COME DOWN. SOMETIMES TO MY COURT; SOMETIMES TO OTHERS. BUT THAT'S A REPORTED PROCEEDING.

SO WE'RE GLAD TO HAVE YOU HERE TODAY. THIS IS IMPORTANT SERVICE, AND WE APPRECIATE YOU BEING HERE. THE MOST FAMILIAR RESPONSE I GET FROM FOLKS CALLED IN FOR JURY SERVICE OR GRAND JURY SERVICE IS "I WISH I WAS SOMEWHERE ELSE."

AND I UNDERSTAND THE SENTIMENT. WE ALL LEAD VERY BUSY LIVES. THIS IS REALLY IMPORTANT SERVICE. IT'S LIKE

TRIAL JURY SERVICE. I TELL OUR TRIAL JURORS THAT IF YOU WERE IN THE POSITION OF A DEFENDANT IN A CASE OR A PLAINTIFF IN A CIVIL CASE OR EVEN THE UNITED STATES GOVERNMENT, MR. ROBINSON'S POSITION, YOU'D WANT THE CASE TO BE DECIDED BY PEOPLE WHO HAVE A STAKE IN THE COMMUNITY, PEOPLE WHO ARE FAIR-MINDED, PEOPLE WHO ARE CONSCIENTIOUS. THAT'S WHAT OUR JURY SYSTEM IS ABOUT. OUR GRAND JURY SYSTEM DEPENDS ON THAT AS WELL. WE WANT FAIR-MINDED PEOPLE TO MAKE THESE VERY IMPORTANT DECISIONS.

SO WHILE I ACKNOWLEDGE AND I UNDERSTAND THAT YOU LEAD VERY BUSY LIVES, WE APPRECIATE THE COMMITMENT THAT YOU MAKE. OUR SYSTEM DEPENDS ON IT. AT SOME POINT, IF YOU COUNT ON THE SYSTEM TO GIVE YOU JUSTICE, THEN YOU MUST BE PREPARED TO MAKE THIS KIND OF COMMITMENT WHEN CALLED UPON TO DO IT. SO AGAIN, I APPRECIATE YOU BEING HERE.

THAT SAID, WE'VE TRIED TO SCREEN THOSE PEOPLE PREVIOUSLY WHO, IN THEIR QUESTIONNAIRES, TOLD US THAT THEY HAD INSURMOUNTABLE PROBLEMS THAT WOULD PREVENT THEM FROM SERVING. MY EXPERIENCE IS THAT BETWEEN THE TIME WE GET THE QUESTIONNAIRES AND THE SESSION TODAY, THE SESSION WHERE WE ACTUALLY SPEAK TO PEOPLE PERSONALLY, THAT SOMETIMES THERE'S SOME ADDITIONAL PROBLEMS THAT ARISE THAT WEREN'T FORESEEN AND WEREN'T KNOWN AT THE TIME ALL OF YOU FILLED OUT THE QUESTIONNAIRES.

MADAM CLERK, IF YOU'LL CALL THE FIRST 23 NAMES.

THE CLERK: THIS IS THE PANEL 07-1, THE WEDNESDAY PANEL.

[redacted]

THE NEXT NAME HAS BEEN EXCUSED. I'LL DRAW A NEW NAME.

NO. [redacted]

[redacted]

THE NEXT NAME HAS BEEN EXCUSED. I'LL DRAW ANOTHER NAME RANDOMLY.

NO. [redacted]

[redacted]

[redacted]

THE COURT: GOOD MORNING AGAIN.

[redacted] YOU HAVE A COPY OF THE QUESTIONNAIRE WITH THE BASIC BIOGRAPHICAL INFORMATION.

WOULD YOU TELL US ABOUT YOURSELF, PLEASE.

PROSPECTIVE JUROR: MY MAKE [redacted] I LIVE IN [redacted] I'M A TEACHER. MY WIFE IS A [redacted] I HAVE ONE ADULT CHILD. HE'S [redacted] I HAD SOME EXPERIENCE IN THE STATE COURT. I WAS IN A TRIAL IN NOVEMBER OR OCTOBER. YES, I CAN BE FAIR AND IMPARTIAL.

THE COURT: WHERE DO YOU TEACH?

PROSPECTIVE JUROR: [redacted] SCHOOL DISTRICT.

THE COURT: WHAT IS YOUR DISCIPLINE?

PROSPECTIVE JUROR: LANGUAGE, ARTS, SOCIAL STUDIES.

THE COURT: I HAVE TWO SONS WHO [redacted] I DON'T LIVE IN [redacted] ANYMORE. I LIVED THERE 24 YEARS. AND AS SOON AS THE YOUNGEST ONE GRADUATED, TWO WEEKS LATER I MOVED CLOSER TO DOWNTOWN BECAUSE THE DRIVE [redacted] WAS KILLING ME.

HOW LONG HAVE YOU BEEN A TEACHER?

PROSPECTIVE JUROR: I STARTED AT [redacted] AND

I'VE BEEN AT [redacted] FOR 15 YEARS.

THE COURT: NICE TO HAVE YOU.

THERE'S A DIFFERENCE, OF COURSE, BETWEEN THE FUNCTION OF THE GRAND JURY AND THE FUNCTION OF THE TRIAL JURY. HERE THE STANDARD OF PROOF IS NOT PROOF BEYOND A REASONABLE DOUBT BECAUSE THE GRAND JURY IS NOT MAKING AN ULTIMATE DECISION ABOUT WHETHER SOMEONE IS GUILTY OR NOT OF THE CHARGE. INSTEAD, THE GRAND JURY IS DETERMINING REALLY TWO FACTORS: "DO WE HAVE A REASONABLE -- COLLECTIVELY, DO WE HAVE A REASONABLE BELIEF THAT A CRIME WAS COMMITTED? AND SECOND, DO WE HAVE A REASONABLE BELIEF THAT THE PERSON THAT THEY PROPOSE THAT WE INDICT COMMITTED THE CRIME?"

IF THE ANSWER IS "YES" TO BOTH OF THOSE, THEN THE CASE SHOULD MOVER FORWARD. IF THE ANSWER TO EITHER OF THE QUESTIONS IS "NO," THEN THE GRAND JURY SHOULD HESITATE AND NOT INDICT.

YOU UNDERSTAND THAT LEGAL DIFFERENCE BETWEEN GRAND JURY FUNCTION AND TRIAL JURY FUNCTION?

PROSPECTIVE JUROR: YES, I DO.

THE COURT: THANK YOU, [redacted] I APPRECIATE YOUR ANSWERS.

[redacted] TELL US ABOUT YOURSELF.

PROSPECTIVE JUROR: MY NAME IS [redacted]. I LIVE IN [redacted] I'M A MANAGER OF IMPLEMENTATIONS FOR A SOFTWARE COMPANY. I'M NOT MARRIED. I HAVE NO CHILDREN. I'VE

SERVED AS A FEDERAL GRAND JUROR IN '99, I BELIEVE.

THE COURT: HERE IN THIS DISTRICT?

PROSPECTIVE JUROR: YES.

THE COURT: YOU'RE A VETERAN. YOU KNOW ALL ABOUT THIS PROCESS.

PROSPECTIVE JUROR: CORRECT.

YES, I CAN FAIR.

THE COURT: ARE YOU UP TO THE TASK?

PROSPECTIVE JUROR: YES.

THE COURT: I THINK IT MIGHT BE INTERESTING TO THE OTHER ASSEMBLED PEOPLE WHO HAVE NOT BEEN ON A GRAND JURY BEFORE, DID YOU ENJOY YOUR PRIOR SERVICE?

PROSPECTIVE JUROR: I DID.

THE COURT: INTERESTING? LEARNED A LOT OF THINGS?

PROSPECTIVE JUROR: YES.

THE COURT: MOST PEOPLE WHO'VE SERVED ON THE GRAND JURY TELL ME IT'S ONE OF THE BEST LEARNING EXPERIENCES OF THEIR LIFE. THEY MEET INTERESTING PEOPLE. THEY DEAL WITH INTERESTING ISSUES.

THANK YOU. I APPRECIATE YOUR ANSWERS. WELCOME BACK.

[redacted]

PROSPECTIVE JUROR: [redacted] I LIVE IN [redacted] I'M A REGISTERED NURSE. I'M MARRIED, AND MY HUSBAND IS A [redacted] I HAVE [redacted] ADULT CHILD

WHO'S IN HIS [redacted] I HAVE EXPERIENCE AS A TRIAL JUROR IN MY MID-20'S. I COULD BE FAIR IF SELECTED FOR A GRAND JURY.

THE COURT: YOU WERE IN YOUR MID-20'S OR YOU'VE HEARD 25 CASES?

PROSPECTIVE JUROR: I WAS IN MY MID-20'S. A LONG TIME AGO.

THE COURT: I ASKED [redacted] ABOUT THE DIFFERENCE. ALL OF YOU, OF COURSE, HAVE SEEN THE ORIENTATION TAPE ABOUT THE FUNCTION OF THE GRAND JURY.

YOU APPRECIATE THE DIFFERENCE IN THE FUNCTION BETWEEN THE TWO ENTITIES, TRIAL JURIES AND GRAND JURIES?

PROSPECTIVE JUROR: YES.

THE COURT: YOU CAN CONSCIENTIOUSLY FULFILL THE JOB OF BEING A GRAND JUROR SHOULD YOU BE ACCEPTED TO SIT ON THIS PANEL?

PROSPECTIVE JUROR: YES, I CAN.

THE COURT: [redacted] GOOD MORNING.

PROSPECTIVE JUROR: GOOD MORNING.

MY NAME IS [redacted] I LIVE IN [redacted] I'M RETIRED NOW SINCE JUNE OF LAST YEAR. I WAS A PRINCIPAL RESEARCH TECHNICIAN FOR [redacted] I'VE BEEN MARRIED FOR [redacted] YEARS. MY WIFE IS A [redacted] WE DON'T HAVE ANY CHILDREN. AND I WAS ON A CIVIL REAL ESTATE TRIAL FOR A COUPLE OF WEEKS MAYBE 10 OR 12 YEARS AGO. AND I CAN BE FAIR.

THE COURT: [redacted] AS YOU'VE HEARD ME ALLUDE TO, THE GRAND JURY FUNCTION IS TO DETERMINE WHETHER THERE'S ENOUGH EVIDENCE FOR A CASE TO GO FORWARD FOR A FULL-BLOWN TRIAL. THAT'S A PRELIMINARY DECISION IN THE CRIMINAL JUSTICE PROCESS, BUT IT'S AN IMPORTANT DECISION. SOMETIMES THE POWER TO CHARGE SOMEBODY TO BRING AN INDICTMENT AGAINST SOMEBODY IS THE POWER TO RUIN SOMEBODY.

SO WE WANT YOU TO LOOK AT THE CASES CAREFULLY AND ANSWER THE TWO QUESTIONS THAT I MENTIONED TO [redacted] "DO I HAVE A REASONABLE BELIEF THAT A FEDERAL CRIME WAS COMMITTED? AND DO I HAVE A REASONABLE BELIEF, BASED ON THE PRESENTATION OF EVIDENCE SO FAR, THAT THIS PERSON THEY WANT ME TO INDICT HAD SOMETHING TO DO WITH THAT, EITHER COMMITTED IT OR HELPED IN THE COMMISSION OF THE CRIME?"

CAN YOU MAKE DECISIONS SUCH AS THAT IF YOU WERE IMPANELED AS A GRAND JUROR HERE?

PROSPECTIVE JUROR: YES.

THE COURT: THANK YOU.

[redacted] GOOD MORNING.

TELL US ABOUT YOURSELF.

PROSPECTIVE JUROR: I'M [redacted]. I LIVE IN [redacted] I WORK AS A SPEECH PATHOLOGIST. I'M NOT MARRIED. I DON'T HAVE ADULT CHILDREN. I'VE BEEN ON THREE TRIAL JURIES ACROSS THE STREET.

THE COURT: WHAT WAS YOUR MOST RECENT TRIAL JURY

SERVICE, HOW LONG AGO?

PROSPECTIVE JUROR: IN THE '80S. AND I COULD BE A FAIR JUROR.

THE COURT: YOU MAKE THAT STATEMENT MINDFUL OF THE QUESTIONS THAT I'VE PUT TO THE OTHER PROSPECTIVE GRAND JURORS?

PROSPECTIVE JUROR: YES.

THE COURT: THANK YOU, [redacted] GOOD MORNING.

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A PRINCIPAL FOR AN ELEMENTARY SCHOOL. I'M MARRIED, AND MY SPOUSE [redacted] I HAVE [redacted] ADULT [redacted]. SHE IS [redacted] I'VE SERVED AS A TRIAL JUROR IN THE STATE COURT IN THE '80S. AND YES, I CAN BE FAIR.

THE COURT: DOES YOUR [redacted]

PROSPECTIVE JUROR: YES. SHE'S [redacted].

THE COURT: [redacted]

WHAT IS THE NATURE OF HER [redacted]? DOES SHE [redacted]?

PROSPECTIVE JUROR: [redacted]

THE COURT: THANK YOU, [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE [redacted] I WORK FOR THE POST OFFICE. I'M MARRIED. MY HUSBAND'S [redacted] MY [redacted] I ONLY HAVE [redacted] AND HE

WORKS FOR THE [redacted] I HAVE NO EXPERIENCE. YES, I CAN BE FAIR.

THE COURT: THANK YOU, [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted]. I LIVE IN [redacted] I'M A NURSE. I'M MARRIED TO [redacted] I HAVE [redacted] CHILDREN, [redacted] AND [redacted]. AND I'VE NEVER HAD ANY EXPERIENCE AS A TRIAL JUROR.

THE COURT: YOU WATCHED OUR ORIENTATION FILM THIS MORNING AND HAVE IN MIND THE DISTINCTION BETWEEN THE FUNCTION OF THE GRAND JURY AND THE FUNCTION OF THE TRIAL JURY?

PROSPECTIVE JUROR: YES.

THE COURT: YOU'RE PREPARED TO SERVE THE FUNCTION OF A GRAND JUROR?

PROSPECTIVE JUROR: I'LL TRY.

THE COURT: THANK YOU, [redacted]

PROSPECTIVE JUROR: HI. MY NAME IS [redacted]. I LIVE IN [redacted]. I'M A SERVICE FOR THE SOCIAL SECURITY ADMINISTRATION. I'M NOT MARRIED, BUT I'LL BE GETTING MARRIED IN APRIL. I DON'T HAVE ANY CHILDREN. I DON'T HAVE ANY EXPERIENCE AS A TRIAL JUROR. AND YES, I WILL BE FAIR.

THE COURT: [redacted], THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted]. I

LIVE IN [redacted] I'M A SYSTEMS ANALYST FOR A LARGE PUBLISHING COMPANY. MY WIFE IS AN [redacted] I HAVE [redacted] CHILDREN THAT THINK THEY'RE ADULTS, BUT THE OLDEST IS REALLY [redacted] I'VE BEEN ON THREE SUPERIOR COURT TRIALS. AND I'M SURE I CAN FAIR AS A GRAND JUROR.

THE COURT: [redacted] THE PRESENTATION OF EVIDENCE TO THE GRAND JURY IS NECESSARILY ONE-SIDED. THAT'S WHAT THE SYSTEM CONTEMPLATES. YOU'RE GOING TO BE HEARING ONLY FROM THE PROSECUTOR. THE PROSECUTOR IS GOING TO BE PRESENTING EVIDENCE IN SUPPORT OF THE PROPOSED CHARGE.

THERE'S A LATER OPPORTUNITY, IF AN INDICTMENT IS RETURNED, FOR THE PERSON TO DEFEND HIMSELF OR HERSELF AND PRESENT HIS OR HER SIDE OF THE CASE, CONFRONT THE ACCUSERS AND THE WITNESSES AGAINST HIM.

BUT I WANT TO MAKE SURE THAT YOU'RE PREPARED FOR THAT SITUATION; THAT YOU'RE GOING TO BE HEARING JUST ONE SIDE, AND YOU'RE GOING TO BE ASKED TO MAKE A DECISION BASED ON THE PROSECUTOR'S EVIDENCE ALONE.

YOU'RE PREPARED FOR THAT; RIGHT?

PROSPECTIVE JUROR: I UNDERSTAND THAT.

THE COURT: THAT'S ONE OF THE FUNDAMENTAL DIFFERENCES BETWEEN THE FULL ADVERSARY SYSTEM OF A JURY TRIAL AND THEN OUR GRAND JURY PROCEEDING.

NOW, HAVING TOLD YOU THAT, MY EXPERIENCE IS THAT THE PROSECUTORS DON'T PLAY HIDE-THE-BALL. IF THERE'S SOMETHING

ADVERSE OR THAT CUTS AGAINST THE CHARGE, YOU'LL BE INFORMED OF THAT. THEY HAVE A DUTY TO DO THAT.

BUT THAT'S NOT TO SAY THAT EVERY CHARGE WILL PASS MUSTER. THAT'S UP TO YOU AND YOUR FELLOW GRAND JURORS.

UNDERSTANDING THAT THAT'S THE TASK OF THE GRAND JURY, I TAKE IT YOU'RE UP TO IT?

PROSPECTIVE JUROR: I BELIEVE SO.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN SAN DIEGO IN THE MISSION HILLS AREA. I'M RETIRED. I WAS A CLINICAL SOCIAL WORKER. I'M SINGLE. NO CHILDREN. I'VE BEEN CALLED FOR JURY SERVICE A NUMBER OF TIMES, BUT I'VE NEVER ACTUALLY BEEN SELECTED AS A JUROR. CAN I BE FAIR? I'LL TRY. BECAUSE OF THE NATURE OF THE WORK THAT I DID, I HAVE SOME FAIRLY STRONG OPINIONS ABOUT SOME OF THE PEOPLE WHO COME INTO THE LEGAL SYSTEM. BUT I WOULD TRY TO WORK WITH THAT.

THE COURT: WE'RE ALL PRODUCTS OF OUR EXPERIENCE. WE'RE NOT GOING TO TRY TO DISABUSE YOU OF EXPERIENCES OR JUDGMENTS THAT YOU HAVE. WHAT WE ASK IS THAT YOU NOT ALLOW THOSE TO CONTROL INVARIABLY THE OUTCOME OF THE CASES COMING IN FRONT OF YOU; THAT YOU LOOK AT THE CASES FRESH, YOU EVALUATE THE CIRCUMSTANCES, LISTEN TO THE WITNESS TESTIMONY, AND THEN MAKE AN INDEPENDENT JUDGMENT.

DO YOU THINK YOU CAN DO THAT?

PROSPECTIVE JUROR: I'LL DO MY BEST.

THE COURT: IS THERE A CERTAIN CATEGORY OF CASE THAT YOU THINK MIGHT BE TROUBLESOME FOR YOU TO SIT ON THAT YOU'D BE INSTINCTIVELY TILTING ONE WAY IN FAVOR OF INDICTMENT OR THE OTHER WAY AGAINST INDICTING JUST BECAUSE OF THE NATURE OF THE CASE?

PROSPECTIVE JUROR: WELL, I HAVE SOME FAIRLY STRONG FEELINGS REGARDING DRUG CASES. I DO NOT BELIEVE THAT ANY DRUGS SHOULD BE CONSIDERED ILLEGAL, AND I THINK WE'RE SPENDING A LOT OF TIME AND ENERGY PERSECUTING AND PROSECUTING CASES WHERE RESOURCES SHOULD BE DIRECTED IN OTHER AREAS.

I ALSO HAVE STRONG FEELINGS ABOUT IMMIGRATION CASES. AGAIN, I THINK WE'RE SPENDING A LOT OF TIME PERSECUTING PEOPLE THAT WE SHOULD NOT BE.

THE COURT: WELL, LET ME TELL YOU, YOU'VE HIT ON THE TWO TYPES OF CASES THAT ARE REALLY KIND OF THE STAPLE OF THE WORK WE DO HERE IN THE SOUTHERN DISTRICT OF CALIFORNIA. AS I MENTIONED IN MY INITIAL REMARKS, OUR PROXIMITY TO THE BORDER KIND OF MAKES US A FUNNEL FOR BOTH DRUG CASES AND IMMIGRATION CASES. YOU'RE GOING TO BE HEARING THOSE CASES I CAN TELL YOU FOR SURE. JUST AS DAY FOLLOWS NIGHT, YOU'RE HEAR CASES LIKE THAT.

NOW, THE QUESTION IS CAN YOU FAIRLY EVALUATE THOSE CASES? JUST AS THE DEFENDANT ULTIMATELY IS ENTITLED TO A FAIR TRIAL AND THE PERSON THAT'S ACCUSED IS ENTITLED TO A FAIR

APPRAISAL OF THE EVIDENCE OF THE CASE THAT'S IN FRONT OF YOU, SO, TOO, IS THE UNITED STATES ENTITLED TO A FAIR JUDGMENT. IF THERE'S PROBABLE CAUSE, THEN THE CASE SHOULD GO FORWARD. I WOULDN'T WANT YOU TO SAY, "WELL, YEAH, THERE'S PROBABLE CAUSE. BUT I STILL DON'T LIKE WHAT OUR GOVERNMENT IS DOING. I DISAGREE WITH THESE LAWS, SO I'M NOT GOING TO VOTE FOR IT TO GO FORWARD." IF THAT'S YOUR FRAME OF MIND, THEN PROBABLY YOU SHOULDN'T SERVE. ONLY YOU CAN TELL ME THAT.

PROSPECTIVE JUROR: WELL, I THINK I MAY FALL IN THAT CATEGORY.

THE COURT: IN THE LATTER CATEGORY?

PROSPECTIVE JUROR: YES.

THE COURT: WHERE IT WOULD BE DIFFICULT FOR YOU TO SUPPORT A CHARGE EVEN IF YOU THOUGHT THE EVIDENCE WARRANTED IT?

PROSPECTIVE JUROR: YES.

THE COURT: I'M GOING TO EXCUSE YOU, THEN. I APPRECIATE YOUR HONEST ANSWERS.

THE COURT: [redacted] DO YOU WANT TO PICK A REPLACEMENT AT THIS POINT?

THE CLERK: YES, SIR.

JUROR NO. [redacted]

THE COURT: LET ME GIVE YOU A MINUTE TO GET A COPY OF THE SHEET. TAKE A LOOK AT IT. I THINK WE KNOW WHO YOU ARE.

[redacted]

PROSPECTIVE JUROR: CORRECT.

I LIVE IN [redacted] MY HUSBAND AND I HAVE OUR OWN BUSINESS. WE ARE ENGINEERING AND MANUFACTURING COMPONENTS FOR [redacted] WE'VE BEEN IN BUSINESS ABOUT [redacted] YEARS NOW. WE'RE DOING REALLY WELL. HE FREAKED OUT WHEN HE TOLD ME I SHOULD JUST TELL YOU I SEE GUILTY PEOPLE.

THE COURT: OH, I SAY THROUGH THE PHONY EXCUSES. YOU THINK OTHERS HAVEN'T TRIED THAT BEFORE.

PROSPECTIVE JUROR: I'M SURE THEY HAVE.

WE'VE BEEN MARRIED 31 YEARS. I HAVE TWO ADULT CHILDREN. ONE'S A [redacted] AND THE OTHER ONE'S A [redacted] STUDENT AT [redacted] IN [redacted] IT'S MY FIRST COURT APPEARANCE. AND I THINK I CAN BE FAIR.

THE COURT: I THINK YOU'LL ACTUALLY ENJOY IT, AND I HOPE YOU'LL BE ABLE TO ACCOMMODATE YOUR WORK SCHEDULE HELPING YOUR HUSBAND WITH THAT.

PROSPECTIVE JUROR: I'M KIND OF CONCERNED ABOUT OUR SCHEDULE.

THE COURT: MOST PEOPLE FIND A WAY TO WORK IT OUT. WE HEAR OFTEN "WELL, I'M SELF-EMPLOYED. THIS IS GOING TO BE A TREMENDOUS FINANCIAL BURDEN."

HERE'S WHAT I'M BUFFETED BY AS THE PERSON CHARGED WITH MAKING THE DECISIONS: THE CONSTITUTION REQUIRES THAT JURIES, TRIAL JURIES AND GRAND JURIES, BE DRAWN FROM A FAIR

AND ACCURATE CROSS-SECTION OF THE COMMUNITY. AND WHAT THE COURTS HAVE SAID OVER THE YEARS IS NO GROUP IS AUTOMATICALLY EXCLUDED. YOU'VE GOT TO LOOK AT EVERYBODY. AND THE EXCUSES HAVE TO BE ON A CASE-BY-CASE BASIS.

AS YOU CAN IMAGINE, IF I EXCUSED EVERYONE WHO HAD FINANCIAL HARDSHIP OR WAS SELF-EMPLOYED, THEN WE WOULD SKEW OUR JURY POOLS. WE WOULD HAVE WHOLE SEGMENTS OF OUR COMMUNITY HERE THAT WERE NOT REPRESENTED, AND THAT WOULDN'T BE CONSISTENT WITH THE CONSTITUTIONAL GUARANTEES.

AND SO I'M THE GUY AT THE FLOODGATE WITH THE BIG WHEEL TRYING TO TURN IT AND MAKE THE DECISIONS. I SAY THAT RELUCTANTLY BECAUSE I'M NOT UNMINDFUL AT ALL OF THE BURDEN IT PLACES ON NOT ONLY SELF-EMPLOYED PEOPLE, BUT PEOPLE WITH REGULAR FULL-TIME JOBS THAT ARE GOING TO BE AWAY FOR A PERIOD OF TIME.

WE DO APPRECIATE YOUR SERVICE. IT'S IMPORTANT SERVICE. YOU SAY THIS IS YOUR FIRST TIME HERE. IF YOU WERE EVER HERE IN SOME OTHER CAPACITY, WITH LITIGATION OF SOME TYPE, WHETHER CIVIL OR CRIMINAL, YOU WOULD WANT CONSCIENTIOUS PEOPLE FROM THE COMMUNITY. THAT'S THE GUARANTEE THAT WE TRY TO GIVE; IS THAT "WE'RE GOING TO GIVE YOU A JUST DECISION, AND IT WILL BE A JURY OF YOUR PEERS, PEOPLE JUST LIKE YOU FROM OUR COMMUNITY WHO WILL MAKE THE DECISION. WE CAN'T CONTINUE TO GIVE THAT GUARANTEE UNLESS WE HAVE PEOPLE WILLING TO SERVE.

I THANK YOU. I APPRECIATE THE SACRIFICE. WELCOME.

WE'RE GLAD TO HAVE YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] AND I'M A JANITOR. I'M MARRIED. MY WIFE IS A [redacted] I HAVE [redacted] ADULT CHILDREN. MY [redacted] IN [redacted] IN [redacted] MY [redacted] IS WORKING [redacted] AN [redacted] AND I HAVE ONCE BEEN A TRIAL JUROR ABOUT 15 YEARS AGO.

THE COURT: CRIMINAL OR CIVIL?

PROSPECTIVE JUROR: CIVIL CASE.

AND I COULD BE FAIR.

THE COURT: YOU MAKE THAT STATEMENT MINDFUL OF THE QUESTIONS I'VE PUT TO OTHERS AND THE ANSWERS THAT THEY'VE GIVEN?

PROSPECTIVE JUROR: YES.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: [redacted] I LIVE IN [redacted] I'M AN ENGINEER FOR THE [redacted] I INSTALL AND MAINTAIN [redacted] I'M NOT MARRIED. I HAVE NO CHILDREN. I HAVE NOT SERVED ON A JURY BEFORE.

THE COURT: ANY TYPE OF JURY?

PROSPECTIVE JUROR: ANY TYPE OF JURY.

I HOPE I CAN BE FAIR.

THE COURT: I THINK YOU CAN BE FAIR. THE QUESTION IS JUST A TIME PROBLEM; RIGHT?

THE DEFENDANT: YES, SIR.

THE COURT: DOESN'T HAVE TO DO WITH FAIRLY --

PROSPECTIVE JUROR: NO, SIR.

THE COURT: I SPOKE TO YOU AT SIDEBAR ABOUT THAT. IF IT BECOMES A PROBLEM, WE CAN DEAL WITH IT. I'LL REVISIT IT AT SOME LATER TIME.

BUT I THINK THE EXPLANATION I GAVE TO [redacted] ALSO WOULD APPLY IN YOUR CASE. I CAN'T JUST SUMMARILY SAY, "WELL, THIS FELLOW'S GOT A TIME PROBLEM, SO WE'VE GOT TO LET HIM GO."

WHERE'S YOUR DUTY STATION HERE? WHERE'S YOUR WORKPLACE?

PROSPECTIVE JUROR: IN [redacted]

THE COURT: [redacted] THANK YOU. I APPRECIATE YOUR ANSWERS.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted]. I'M A STATISTICIAN AT [redacted] I'M SEPARATED RIGHT NOW. I HAVE TWO [redacted] CHILDREN. I'VE BEEN ON A TRIAL JURY ON A CRIMINAL CASE AT THE SUPERIOR COURT ABOUT TWO YEARS AGO. AND I CAN BE FAIR.

THE COURT: YOU WATCHED THE FILM AND APPRECIATE THE DIFFERENCE BETWEEN THE FUNCTION OF THE GRAND JURY AND THEN WHAT A CRIMINAL TRIAL JURY DOES?

PROSPECTIVE JUROR: YES.

THE COURT: THANK YOU, [redacted]

I'M NOT GOING TO MAKE ANY JOKES ABOUT [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] JUST EAST OF HERE. I'M A PROJECT MANAGER FOR THE CITY OF [redacted] I'M MARRIED. MY WIFE'S A [redacted], BUT SHE'S ON LEAVE RIGHT NOW RAISING [redacted] KIDS; [redacted] AND [redacted] MONTHS. SO THEY'RE NOT ADULTS. I HAVE NO EXPERIENCE SERVING ON ANY JURY OF ANY TYPE. I'VE BEEN SUMMONED. I'VE BEEN EXCUSED FROM ONE OR TWO. I'VE SIMPLY NOT BEEN CALLED FOR OTHERS. I BELIEVE I CAN BE FAIR.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: [redacted] I LIVE IN THE COMMUNITY OF [redacted] I DRIVE A SCHOOL FOR THE [redacted] SCHOOL DISTRICT. MY WIFE IS A [redacted]. I HAVE TWO [redacted] CHILDREN. ONE'S A [redacted] IN [redacted] BACK IN [redacted] MY OTHER SON WORKS AS A [redacted]

THE COURT: HOW LONG HAVE YOU DRIVEN A SCHOOL BUS UP IN THE [redacted]

PROSPECTIVE JUROR: THREE YEARS NOW. ACTUALLY, I'VE ONLY HAD TO DRIVE UP TO [redacted] WITH A BUS FOR ABOUT THREE

MONTHS. MOST OF MY STUFF HAS BEEN IN THE [redacted] AREA. NOW I'M OVER BY [redacted] DRIVING. I DRIVE SPECIAL NEEDS CHILDREN.

THE COURT: IT'S BEEN A WHILE SINCE MY KIDS WERE SMALL. I TOOK THEM TO SNOW.

[redacted] IS UP IN THE MOUNTAINS; RIGHT?

PROSPECTIVE JUROR: JUST ABOVE [redacted] WHERE THE FIRE WAS.

THE COURT: OH. I'M THINKING WAY FARTHER EAST AND COLDER THAN [redacted]

YOU'RE NOT DRIVING OUT IN THE SNOW DURING THE WINTER, ARE YOU?

PROSPECTIVE JUROR: NONE OF THE [redacted] SCHOOLS.

AND I'VE NEVER BEEN ON A JURY AT ALL. I THINK I CAN DO ALL THIS.

THE COURT: YOU HAVE NO RESERVATION ABOUT YOUR ABILITY TO BE FAIR AND IMPARTIAL AND LOOK AT THE EVIDENCE AND PERFORM THE FUNCTION THAT THE GRAND JURY PERFORMS.

PROSPECTIVE JUROR: NO, SIR.

THE COURT: [redacted].

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I WORK AS A SCHOOL PSYCHOLOGIST. I'M AT THE [redacted] SCHOOL DISTRICT. I AM MARRIED. MY HUSBAND IS A [redacted], SO NOW HE [redacted] I HAVE [redacted]

ADULT STEPCHILDREN. ONE IS AN [redacted] AND ONE IS IN [redacted] I SERVED AS A TRIAL JUROR IN VISTA MAYBE TEN YEARS AGO NOW. AND YES, I CAN BE FAIR.

THE COURT: THANK YOU. I APPRECIATE YOUR ANSWERS. [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I'M FROM [redacted] I'M A HOMEMAKER. MY HUSBAND IS A [redacted] OUR [redacted] I'VE NEVER BEEN SELECTED FOR A JURY, ALTHOUGH I WAS CALLED. AND I THINK I CAN BE FAIR.

THE COURT: WERE YOU CALLED UP TO VISTA? IS THAT WHERE YOU WOULD REPORT?

PROSPECTIVE JUROR: YES.

THE COURT: [redacted]

PROSPECTIVE JUROR: MAY NAME IS [redacted] I LIVE IN [redacted] I'M A REAL ESTATE AGENT. NOT MARRIED. NO KIDS. HAVE NOT SERVED. AND AS FAR AS BEING FAIR, IT KIND OF DEPENDS UPON WHAT THE CASE IS ABOUT BECAUSE THERE IS A DISPARITY BETWEEN STATE AND FEDERAL LAW.

THE COURT: IN WHAT REGARD?

PROSPECTIVE JUROR: SPECIFICALLY, MEDICAL MARIJUANA.

THE COURT: WELL, THOSE THINGS -- THE CONSEQUENCES OF YOUR DETERMINATION SHOULDN'T CONCERN YOU IN THE SENSE THAT PENALTIES OR PUNISHMENT, THINGS LIKE THAT -- WE TELL TRIAL JURORS, OF COURSE, THAT THEY CANNOT CONSIDER THE PUNISHMENT OR

THE CONSEQUENCE THAT CONGRESS HAS SET FOR THESE THINGS. WE'D ASK YOU TO ALSO ABIDE BY THAT. WE WANT YOU TO MAKE A BUSINESS-LIKE DECISION AND LOOK AT THE FACTS AND MAKE A DETERMINATION OF WHETHER THERE WAS A PROBABLE CAUSE.

COULD YOU DO THAT? COULD YOU PUT ASIDE STRONG PERSONAL FEELINGS YOU MAY HAVE?

PROSPECTIVE JUROR: IT DEPENDS. I HAVE A VERY STRONG OPINION ON IT. WE LIVE IN THE STATE OF CALIFORNIA, NOT FEDERAL CALIFORNIA. THAT'S HOW I FEEL ABOUT IT VERY STRONGLY.

THE COURT: WELL, I DON'T KNOW HOW OFTEN MEDICAL MARIJUANA USE CASES COME UP HERE. I DON'T HAVE A GOOD FEEL FOR THAT. MY INSTINCT IS THEY PROBABLY DON'T ARISE VERY OFTEN. BUT I SUPPOSE ONE OF THE SOLUTIONS WOULD BE IN A CASE IMPLICATING MEDICAL USE OF MARIJUANA, YOU COULD RECUSE YOURSELF FROM THAT CASE.

ARE YOU WILLING TO DO THAT?

PROSPECTIVE JUROR: SURE.

THE COURT: ALL OTHER CATEGORIES OF CASES YOU COULD GIVE A FAIR, CONSCIENTIOUS JUDGMENT ON?

PROSPECTIVE JUROR: FOR THE MOST PART, BUT I ALSO FEEL THAT DRUGS SHOULD BE LEGAL.

THE COURT: OUR LAWS ARE DIFFERENT FROM THAT. AND AS YOU HEARD ME EXPLAIN TO [redacted] A LOT OF THE CASES THAT COME THROUGH IN OUR COURT ARE DRUG CASES. YOU'LL BE CALLED UPON TO EVALUATE THOSE CASES OBJECTIVELY AND THEN MAKE

THE TWO DETERMINATIONS THAT I STARTED OFF EXPLAINING TO [redacted] "DO I HAVE A REASONABLE BELIEF THAT A CRIME WAS COMMITTED? WHETHER I AGREE WITH WHETHER IT OUGHT TO BE A CRIME OR NOT, DO I BELIEVE THAT A CRIME WAS COMMITTED AND THAT THE PERSON THAT THE GOVERNMENT IS ASKING ME TO INDICT WAS SOMEHOW INVOLVED IN THIS CRIME, EITHER COMMITTED IT OR HELPED WITH IT?"

COULD YOU DO THAT IF YOU SIT AS A GRAND JUROR?

PROSPECTIVE JUROR: THE LAST JURY I WAS ASKED TO SIT ON, I GOT EXCUSED BECAUSE OF THAT REASON.

THE COURT: YOU SAID YOU COULDN'T DO IT? YOUR SENTIMENTS ARE SO STRONG THAT THEY WOULD IMPAIR YOUR OBJECTIVITY ABOUT DRUG CASES?

PROSPECTIVE JUROR: I THINK RAPISTS AND MURDERERS OUGHT TO GO TO JAIL, NOT PEOPLE USING DRUGS.

THE COURT: I THINK RAPISTS AND MURDERERS OUGHT TO GO TO JAIL, TOO. IT'S NOT FOR ME AS A JUDGE TO SAY WHAT THE LAW IS. WE ELECT LEGISLATORS TO DO THAT. WE'RE SORT OF AT THE END OF THE PIPE ON THAT. WE'RE CHARGED WITH ENFORCING THE LAWS THAT CONGRESS GIVES US.

I CAN TELL YOU SOMETIMES I DON'T AGREE WITH SOME OF THE LEGAL DECISIONS THAT ARE INDICATED THAT I HAVE TO MAKE. BUT MY ALTERNATIVE IS TO VOTE FOR SOMEONE DIFFERENT, VOTE FOR SOMEONE THAT SUPPORTS THE POLICIES I SUPPORT AND GET THE LAW CHANGED. IT'S NOT FOR ME TO SAY, "WELL, I DON'T LIKE IT. SO

I'M NOT GOING TO FOLLOW IT HERE."

YOU'D HAVE A SIMILAR OBLIGATION AS A GRAND JUROR EVEN THOUGH YOU MIGHT HAVE TO GRIT YOUR TEETH ON SOME CASES. PHILOSOPHICALLY, IF YOU WERE A MEMBER OF CONGRESS, YOU'D VOTE AGAINST, FOR EXAMPLE, CRIMINALIZING MARIJUANA. I DON'T KNOW IF THAT'S IT, BUT YOU'D VOTE AGAINST CRIMINALIZING SOME DRUGS.

THAT'S NOT WHAT YOUR PREROGATIVE IS HERE. YOUR PREROGATIVE INSTEAD IS TO ACT LIKE A JUDGE AND TO SAY, "ALL RIGHT. THIS IS WHAT I'VE GOT TO DEAL WITH OBJECTIVELY. DOES IT SEEM TO ME THAT A CRIME WAS COMMITTED? YES. DOES IT SEEM TO ME THAT THIS PERSON'S INVOLVED? IT DOES." AND THEN YOUR OBLIGATION, IF YOU FIND THOSE THINGS TO BE TRUE, WOULD BE TO VOTE IN FAVOR OF THE CASE GOING FORWARD.

I CAN UNDERSTAND IF YOU TELL ME "LOOK, I GET ALL THAT, BUT I JUST CAN'T DO IT OR I WOULDN'T DO IT." I DON'T KNOW WHAT YOUR FRAME OF MIND IS. YOU HAVE TO TELL ME ABOUT THAT.

PROSPECTIVE JUROR: I'M NOT COMFORTABLE WITH IT.

THE COURT: DO YOU THINK YOU'D BE INCLINED TO LET PEOPLE GO ON DRUG CASES EVEN THOUGH YOU WERE CONVINCED THERE WAS PROBABLE CAUSE THEY COMMITTED A DRUG OFFENSE?

PROSPECTIVE JUROR: IT WOULD DEPEND UPON THE CASE.

THE COURT: IS THERE A CHANCE THAT YOU WOULD DO THAT?

PROSPECTIVE JUROR: YES.

THE COURT: I APPRECIATE YOUR ANSWERS. I'LL EXCUSE YOU AT THIS TIME.

THE CLERK: [redacted]

THE COURT: GOOD MORNING, [redacted]

PROSPECTIVE JUROR: GOOD MORNING.

THE COURT: LET ME GIVE YOU A MINUTE TO GET ORIENTED.

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A CONTRACT ADMINISTRATOR FOR THE STATE OF CALIFORNIA ON THEIR [redacted] PROJECTS. I'M NOT MARRIED. I DON'T HAVE ANY CHILDREN. I HAVE EXPERIENCE IN THE '80'S AS A TRIAL JUROR. AND I CAN BE FAIR.

THE COURT: DO YOU HAVE ANYTHING TO DO WITH GETTING THE TELEPHONE POLES DOWN IN MY NEIGHBORHOOD?

PROSPECTIVE JUROR: NO, BUT I CAN GET YOU A NUMBER TO CALL.

THE COURT: THAT'S GOOD ENOUGH. WE'RE GOING TO KEEP YOU ON THIS GRAND JURY.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A SPECIAL ED ASSISTANT AT [redacted] SCHOOL DISTRICT. I'VE BEEN THERE FOR ABOUT [redacted] YEARS. I'VE BEEN MARRIED FOR [redacted] YEARS. MY HUSBAND IS [redacted] HE [redacted] I HAVE [redacted] ADULT CHILDREN: ONE'S A

[redacted] MY [redacted] BOYS WORK FOR THE [redacted] IN [redacted] AND THEY WORK FOR A COMPANY WHERE THEY GO INTO THE [redacted] AND THE [redacted] TO COPY OFF [redacted] RECORDS.

THE COURT: THEY BOTH HAVE THE SAME JOB, SAME JOB FUNCTIONS?

PROSPECTIVE JUROR: YES. WELL, ACTUALLY, MY OLDER BOY HAD THIS JOB FOR -- HE'S BEEN WORKING FOR THE COMPANY FOR A LONG TIME.

THE COURT: TOLD HIS BROTHER "THIS IS A GOOD GIG"?

PROSPECTIVE JUROR: YEAH. HIS BROTHER WAS WORKING IN [redacted] FOR A WHILE. THEN THE JOB OPENED UP, AND MY YOUNGER ONE NOW IS WORKING THERE. HE GOES ALSO ALL OVER [redacted], [redacted]

THE COURT: WHERE'S THE OLDER BROTHER?

PROSPECTIVE JUROR: THE OLDER BROTHER NOW IS IN [redacted] THINGS WERE A LITTLE BIT BETTER FOR HIM TO GROW AND BE ABLE TO BUY A HOME. SO HE'S OVER THERE WITH HIS WIFE AND TWO KIDS.

I HAVE BEEN ON A JURY BEFORE FOR FEDERAL IN 1980 MAYBE. A LONG, LONG TIME AGO. I'VE BEEN CALLED FOR SUPERIOR COURT IN EL CAJON AND HERE IN SAN DIEGO.

THE COURT: DID YOU WATCH OUR ORIENTATION FILM THIS MORNING AND APPRECIATE THE DIFFERENCE IN FUNCTIONS BETWEEN GRAND JURIES AND TRIAL JURIES?

Case 3:07-cr-00491-BTM Document 18 Filed 07/30/2007 Page 31 of 69


PROSPECTIVE JUROR: YES.

THE COURT: ANY REASON YOU CAN THINK OF WHY YOU WOULDN'T BE FAIR AND IMPARTIAL?

PROSPECTIVE JUROR: NO. I CAN BE FAIR.

THE COURT: THANK YOU, [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I COME FROM [redacted] WHICH IS [redacted] I WORK FOR THE POST OFFICE. I'M A MAIL CARRIER. I'M DIVORCED. I HAVE ONE ADULT [redacted] SHE WORKS IN A [redacted] AND ALSO AT THE [redacted] DOWN THERE. I'VE BEEN ON TWO TRIALS: ONE WAS A CRIMINAL, SPOUSAL ABUSE; AND THE OTHER ONE WAS A CRIMINAL **.

THE COURT: WAS THAT OUT IN [redacted]

PROSPECTIVE JUROR: SUPERIOR COURT, YES.

AND YES, I CAN BE FAIR.

THE COURT: HOW LONG WAS YOUR DRIVE OVER TODAY?

PROSPECTIVE JUROR: TWO HOURS.

THE COURT: DID THE DESERT FLOWERS START TO BLOOM YET?

PROSPECTIVE JUROR: NOT YET.

THE COURT: WHEN DOES THAT HAPPEN?

PROSPECTIVE JUROR: JUST ABOUT MAY, USUALLY.

THE COURT: WHAT TIME WOULD [redacted] HAVE TO BE HERE ORDINARILY?

THE CLERK: THEY TELL YOU YOU CAN COME OVERNIGHT.

PROSPECTIVE JUROR: YES, I FOUND THAT OUT WHEN I GOT HERE.

THE COURT: IF THE DRIVE'S NOT GOING TO BE A PROBLEM, YOU'RE HAPPY TO SERVE?

PROSPECTIVE JUROR: I CAN SERVE, YES.

THE COURT: WE'RE HAPPY TO HAVE YOU HERE.

THE SOUTHERN DISTRICT OF CALIFORNIA, LADIES AND GENTLEMEN, COMPRISES BOTH SAN DIEGO COUNTY -- AND MOST OF US ARE FROM SAN DIEGO COUNTY -- AND ALSO IMPERIAL COUNTY. WE TRY TO PULL RANDOMLY BUT SYSTEMATICALLY FROM IMPERIAL COUNTY, TOO. IT'S NOT OUT OF THE ORDINARY. IT'S A LITTLE UNUSUAL THAT I'LL GET MORE THAN ONE OR TWO IMPERIAL COUNTY PROSPECTIVE JURORS EVEN ON A TRIAL JURY.

BUT WE'RE HAPPY TO HAVE YOU, TEN-GALLON HAT AND ALL.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN THE [redacted] I'M RETIRED. I'VE BEEN RETIRED FOR SIX YEARS.

THE COURT: WHAT KIND OF WORK DID YOU DO?

PROSPECTIVE JUROR: I WAS IN THE PRINTING INDUSTRY FOR [redacted] YEARS.

MY WIFE IS [redacted] WE HAVE [redacted] ADULT CHILDREN. TWO OF THEM LIVE [redacted] ONE'S AN [redacted] THE OTHER IS A [redacted] AND MY OTHER [redacted] LIVES IN [redacted]

SHE'S A [redacted]

THE COURT: DID THE [redacted] SING IN THE SHOWER WHEN [redacted]IVED AT HOME?

PROSPECTIVE JUROR: [redacted]STILL SINGS IN THE SHOWER.

AND I'VE BEEN CALLED A FEW TIMES, BUT HAVE NOT SERVED ON ANY JURIES. AND I CERTAINLY CAN BE FAIR.

THE COURT: THANK YOU, [redacted] WE'RE HAPPY TO HAVE YOU.

FINALLY, [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M AN ACTIVE REAL ESTATE BROKER. MY WIFE IS [redacted]WE HAVE [redacted]ADULT CHILDREN: [redacted]F THEM ARE MARRIED, AND ONE'S A [redacted] I HAVE NO EXPERIENCE AS A JUROR. HOWEVER, I HAVE SERVED AS A WITNESS FOR THE GRAND JURY.

THE COURT: YOU'VE ACTUALLY BEEN CALLED AS A WITNESS BEFORE A GRAND JURY?

PROSPECTIVE JUROR: YES, I HAVE.

THE COURT: HOW LONG AGO WAS THAT?

PROSPECTIVE JUROR: I WOULD SAY ABOUT TEN YEARS. AND YES, I CAN BE FAIR.

THE COURT: WELL, YOU MAY KNOW FROM YOUR EXPERIENCE THAT IF YOU HAVE COUNSEL AS A WITNESS, YOUR COUNSEL DOESN'T ACCOMPANY YOU IN TO THE GRAND JURY. THE HALLMARK OF THE GRAND JURY IS THAT IT'S A SECRET PROCEEDING AND NECESSARILY SO.

BECAUSE IF YOU, AS A GRAND JURY, DECIDE NO CHARGES SHOULD BE BROUGHT, THEN NO ONE'S THE WORSE FOR THE WEAR. NO ONE EVER KNOWS ABOUT THAT.

WE DO ALLOW WITNESSES TO CONSULT WITH THEIR LAWYERS, BUT THEY MUST LEAVE THE GRAND JURY ROOM, CONSULT OUTSIDE WITH THE LAWYER, AND THEN COME BACK IN. SO THAT'S WHAT YOU CAN EXPECT IF THERE ARE WITNESSES WHO ARE REPRESENTED BY COUNSEL.

PROSPECTIVE JUROR: IT WAS SO SECRETIVE THAT I DIDN'T EVEN KNOW WHAT I WAS THERE FOR.

THE COURT: I'M GOING TO TOUCH ON THAT IN MY REMARKS. BUT IT'S VERY IMPORTANT THAT -- IT'S CHARACTERISTIC OF THE GRAND JURY, AND YOU WILL BE UNDER LEGAL OBLIGATIONS NOT TO SPEAK OF WHAT GOES ON IN FRONT OF THE GRAND JURY. THERE'S A LOT OF INTEREST SERVED BY THAT SECRECY, AS I SAID.

ORDINARILY, EVERYTHING IS SUPPOSED TO BE TRANSCRIBED. WE'RE SUPPOSED TO KNOW WHAT OUR GOVERNMENT IS DOING. BUT THIS IS ONE AREA WHERE TRADITIONALLY THE COURTS AND EVERYONE ELSE SAYS, "NO. WE NEED TO HAVE CONFIDENTIALITY AND SECRECY HERE." I TOUCHED ON ONE OF THE REASONS WHY IT HAS TO DO WITH NOT RUINING THE REPUTATIONS OF PEOPLE, FOR EXAMPLE, WHO MAY BE UNDER INVESTIGATION, BUT NO CHARGES EVER RESULT. SOMETIMES THE POWER TO INDICT SOMEONE CAN BE THE POWER TO RUIN A REPUTATION.

THERE ARE A LOT OF OTHER GOOD REASONS WHY THE GRAND JURY HAS TO FUNCTION SECRETLY. FIRST, IT PROMOTES YOUR

SECURITY. PEOPLE WON'T KNOW THAT YOU'RE GRAND JURORS UNLESS YOU TELL THEM. A LOT OF TIMES THE CRIMES UNDER INVESTIGATION, THE GOVERNMENT IS NOT SURE YET WHETHER IT'S A CRIME. WE NEED THE HELP OF THE GRAND JURY IN ASCERTAINING WHAT'S GOING ON. SO THEY DON'T WANT TO TIP THEIR HAND AND SAY, "WE'RE LOOKING AT SOMETHING." THEY DON'T WANT PEOPLE TO TAKE MEASURES TO COVER UP CRIMINAL ACTIVITIES.

ON OTHER OCCASIONS, SOMEONE WHO KNOWS HE'S THE OBJECT OF AN INVESTIGATION MIGHT FLEE TO A DIFFERENT COUNTRY AND GET OUTSIDE THE JURISDICTION OF THE UNITED STATES WHERE THEY COULDN'T BE REACHED.

SO ALL OF THOSE REASONS AND OTHERS PROMOTE THE POLICY OF GRAND JURY SECRECY. YOU TOUCHED ON SOMETHING THAT'S VERY IMPORTANT. IT WILL BE INCUMBENT UPON ALL OF YOU TO MAINTAIN THE SECRECY OF THE GRAND JURY IF YOU TAKE THE OATH AND SERVE AS GRAND JURORS.

HOW'S THE REAL ESTATE MARKET THESE DAYS, SLOW?

PROSPECTIVE JUROR: IT'S A LITTLE SLOW. I SPECIALIZE IN INVESTMENT PROPERTIES.

THE COURT: SOME THINGS ARE HELPING, THOUGH; RIGHT? THE MORTGAGE RATES ARE STARTING TO DROP?

PROSPECTIVE JUROR: THEY'VE DROPPED A LITTLE BIT.

THE COURT: THAT OUGHT TO HELP.

PROSPECTIVE JUROR: YEAH. THE MARKET'S STILL PRETTY HIGH HERE IN SAN DIEGO PRICE-WISE.

THE COURT: I READ WHERE PEOPLE ARE JUST STAYING LONGER. THE SELLERS ARE NOT GIVING UP THEIR PLACES FOR LESS. THEY JUST SAY, "WELL, WE'LL STICK IT OUT. WE'LL DIG IN OUR HEELS AND STAY."

IS THAT WHAT YOU'RE EXPERIENCING, TOO?

PROSPECTIVE JUROR: YES, I FIND A LOT OF THAT. WHAT YOU HAVE TO REALIZE IS THAT A LOT OF PEOPLE, IF THEY JUST BOUGHT RECENTLY AND THEY'RE TRYING TO GET OUT OR THEY BOUGHT SOME SECONDARY PROPERTY AND SO ON, THOSE ARE THE PEOPLE THAT ARE HAVING PROBLEMS.

THE COURT: THEY'RE A LITTLE BIT UNDERWATER?

PROSPECTIVE JUROR: SOME OF THEM ARE, YES.

THE COURT: THANK YOU, [redacted] I APPRECIATE YOUR ANSWERS.

LADIES AND GENTLEMEN, HAVING SPOKEN WITH ALL OF YOU AND PASSED ON YOUR GENERAL QUALIFICATIONS TO SIT, IT'S NOW MY RESPONSIBILITY TO SELECT TWO OF YOUR NUMBER: ONE AS A FOREPERSON, THE OTHER AS A DEPUTY FOREPERSON. THE FOREPERSON PRESIDES OVER THE DELIBERATIONS OF THE GRAND JURY AND ACTS AS THE CONTACT WITH BOTH THE COURT AND THE U.S. ATTORNEY'S OFFICE.

NEITHER THE FOREPERSON OR THE DEPUTY FOREPERSON HAVE ANY GREATER SAY. IT'S THE DELIBERATIVE PROCESS. THE 23 OF YOU ALL HAVE AN EQUAL SAY.

BUT I THINK, HAVING LISTENED TO YOUR ANSWERS AND

EVALUATED YOUR BACKGROUNDS, IT APPEARS TO ME, [redacted] HAVING PRIOR GRAND JURY SERVICE, THAT YOU WOULD BE A GOOD PERSON TO ACT AS THE FOREPERSON OF THE GRAND JURY.

ARE YOU UP TO THE TASK AND WILLING TO ACCEPT THAT ASSIGNMENT?

PROSPECTIVE JUROR: I AM.

THE COURT: THE COURT WOULD THEN APPOINT [redacted] AS THE FOREPERSON OF THIS GRAND JURY.

[redacted] ARE YOU WILLING TO SERVE AS THE DEPUTY FOREPERSON?

PROSPECTIVE JUROR: CERTAINLY.

THE COURT: YOU WOULD BE THE PRESIDING GRAND JUROR IN THE ABSENCE OF [redacted]

THOSE ARE THE DESIGNATIONS I WOULD MAKE, THEN: [redacted] AS FOREPERSON; [redacted] AS DEPUTY FOREPERSON.

--OOO--

THE CLERK: NEXT PANEL, 07-2, THIS IS THE THURSDAY PANEL.

[redacted]

[redacted]

THE COURT: GOOD MORNING.

[redacted]

PROSPECTIVE JUROR: I'[redacted] I LIVE [redacted] I'M A [redacted] FOR AN INDIAN TRIBE IN [redacted] I'M MARRIED. MY HUSBAND IS A [redacted] I DO NOT HAVE ANY CHILDREN. I HAVE NOT BEEN A JUROR BEFORE. AND YES, I CAN BE FAIR.

THE COURT: YOU'VE HAD THE ADVANTAGE OF SITTING THROUGH ONE IMPANELMENT ALREADY. YOU HEARD THE QUESTIONS

GENERALLY THAT I POSED TO THE OTHER PROSPECTIVE GRAND JURORS ABOUT THE DIFFERENCES BETWEEN TRIAL JURIES AND GRAND JURIES AND WHETHER INDIVIDUALS COULD FULFILL THAT FUNCTION.

WOULD YOUR ANSWERS HAVE BEEN BASICALLY THE SAME AS THOSE THAT I'VE BEEN GIVEN WITH THE EXCEPTION OF THE TWO PEOPLE THAT HAVE BEEN EXCUSED?

PROSPECTIVE JUROR: YES.

THE COURT: [redacted]

PROSPECTIVE JUROR: I'M [redacted] I LIVE IN [redacted] I WORK FOR AN INSURANCE COMPANY [redacted] I'M MARRIED. MY WIFE IS A [redacted] I HAVE [redacted] KIDS AGE [redacted] AND [redacted] I'VE BEEN A JUROR BEFORE PROBABLY TEN YEARS AGO ON KIND OF A LOW-LEVEL CRIMINAL CASE. AND IN THE NAME OF FULL DISCLOSURE, I'D PROBABLY SUGGEST I'D BE THE FLIPSIDE OF SOME OF THE INDIVIDUALS WHO HAVE CONVEYED THEIR CONCERNS PREVIOUSLY. I HAVE A STRONG BIAS FOR THE U.S. ATTORNEY, WHATEVER CASES THEY MIGHT BRING. I DON'T THINK THEY'RE HERE TO WASTE OUR TIME, THE COURT'S TIME, THEIR OWN TIME. I APPRECIATE THE EVIDENTIARY STANDARDS, I GUESS, MORE OR LESS, AS A LAYPERSON WOULD; THAT THEY ARE CALLED UPON IN ORDER TO BRING THESE CASES OR SEEK AN INDICTMENT.

AND THE GATEKEEPER ROLE THAT I GUESS WE'RE BEING ASKED TO PLAY IS ONE THAT I'D HAVE A DIFFICULT TIME, IN ALL HONESTY. I'M PROBABLY SUGGESTING THAT THE U.S. ATTORNEY'S CASE WOULD BE ONE THAT I WOULD BE WILLING TO STAND IN FRONT

OF; IN OTHER WORDS, PREVENT FROM GOING TO A JURY.

THE COURT: IT SOMETIMES HAPPENS THAT AT THE TIME THE CASE IS INITIALLY PRESENTED TO THE U.S. ATTORNEY'S OFFICE, THINGS APPEAR DIFFERENTLY THAN 10 DAYS LATER, 20 DAYS LATER WHEN IT'S PRESENTED TO A GRAND JURY. THAT'S WHY THIS GATEKEEPER ROLE IS VERY, VERY IMPORTANT.

YOU'RE NOT PART OF THE PROSECUTING ARM. YOU'RE INTENDED TO BE A BUFFER INDEPENDENT OF THE U.S. ATTORNEY'S OFFICE. AND THE REAL ROLE OF THE GRAND JURY IS TO MAKE SURE THAT UNSUBSTANTIATED CHARGES DON'T GO FORWARD.

YOU'VE HEARD MY GENERAL COMMENTS. YOU HAVE AN APPRECIATION ABOUT HOW AN UNSUBSTANTIATED CHARGE COULD CAUSE PROBLEMS FOR SOMEONE EVEN IF THEY'RE ULTIMATELY ACQUITTED.

YOU APPRECIATE THAT; RIGHT?

PROSPECTIVE JUROR: I THINK I COULD APPRECIATE THAT, YES.

THE COURT: AND SO WE'RE -- LOOK, I'LL BE HONEST WITH YOU. THE GREAT MAJORITY OF THE CHARGES THAT THE GRAND JURY PASSES ON THAT ARE PRESENTED BY THE U.S. ATTORNEY'S OFFICE DO GO FORWARD. MOST OF THE TIME, THE GRAND JURY PUTS ITS SEAL OF APPROVAL ON THE INITIAL DECISION MADE BY THE U.S. ATTORNEY.

OBVIOUSLY, I WOULD SCREEN SOMEBODY OUT WHO SAYS, "I DON'T CARE ABOUT THE EVIDENCE. I'M NOT GOING TO PAY ATTENTION TO THE EVIDENCE. IF THE U.S. ATTORNEY SAYS IT'S GOOD, I'M

GOING TO GO WITH THAT." IT DIDN'T SOUND LIKE THAT'S WHAT YOU WERE SAYING. YOU WERE SAYING YOU GIVE A PRESUMPTION OF GOOD FAITH TO THE U.S. ATTORNEY AND ASSUME, QUITE LOGICALLY, THAT THEY'RE NOT ABOUT THE BUSINESS OF TRYING TO INDICT INNOCENT PEOPLE OR PEOPLE THAT THEY BELIEVE TO BE INNOCENT OR THE EVIDENCE DOESN'T SUBSTANTIATE THE CHARGES AGAINST. THAT'S WELL AND GOOD.

YOU MUST UNDERSTAND THAT AS A MEMBER OF THE GRAND JURY, YOU'RE THE ULTIMATE ARBITER. THEY DON'T HAVE THE AUTHORITY TO HAVE A CASE GO FORWARD WITHOUT YOU AND FELLOW GRAND JURORS' APPROVAL. I WOULD WANT YOU NOT TO JUST AUTOMATICALLY DEFER TO THEM OR SURRENDER THE FUNCTION AND GIVER THE INDICTMENT DECISION TO THE U.S. ATTORNEY. YOU HAVE TO MAKE THAT INDEPENDENTLY.

YOU'RE WILLING TO DO THAT IF YOU'RE RETAINED HERE?

PROSPECTIVE JUROR: I'M NOT A PERSON THAT THINKS OF ANYBODY IN THE BACK OF A POLICE CAR AS NECESSARILY GUILTY, AND I WOULD DO MY BEST TO GO AHEAD AND BE OBJECTIVE. BUT AGAIN, JUST IN THE NAME OF FULL DISCLOSURE, I FELT LIKE I SHOULD LET YOU KNOW THAT I HAVE A VERY STRONG PRESUMPTION WITH RESPECT TO ANY DEFENDANT THAT WOULD BE BROUGHT IN FRONT OF US.

THE COURT: I UNDERSTAND WHAT YOU'RE SAYING. LET ME TELL YOU THE PROCESS WILL WORK MECHANICALLY. THEY'RE GOING TO CALL WITNESSES. AND WHAT THEY'RE GOING TO ASK YOU TO DO IS EVALUATE THE TESTIMONY YOU HEAR FROM WITNESSES.

BEFORE YOU REACH A POINT WHERE YOU VOTE ON ANY INDICTMENT, THE U.S. ATTORNEY AND THE STENOGRAPHER LEAVE. THE ONLY PEOPLE LEFT WHEN THE VOTE IS TAKEN ARE THE GRAND JURORS THEMSELVES. THAT'S THE WAY THE PROCESS IS GOING TO WORK.

YOU'RE GOING TO HAVE TO SAY EITHER "WELL, IT HAS THE RING OF TRUTH TO ME, AND I THINK IT HAPPENED THE WAY IT'S BEING SUGGESTED HERE. AT LEAST I'M CONVINCED ENOUGH TO LET THE CASE GO FORWARD" OR "THINGS JUST DON'T HAPPEN LIKE THAT IN MY EXPERIENCE, AND I THINK THIS SOUNDS CRAZY TO ME. I WANT EITHER MORE EVIDENCE OR I'M NOT CONVINCED BY WHAT'S BEEN PRESENTED AND I'M NOT GOING TO LET IT GO FORWARD."

CAN YOU MAKE AN OBJECTIVE ON FACTS LIKE THE ONES I'VE JUST DESCRIBED?

PROSPECTIVE JUROR: I WOULD DO MY BEST TO DO THAT. I CERTAINLY WOULD WANT ME SITTING ON A GRAND JURY IF I WERE A DEFENDANT COMING BEFORE THIS GRAND JURY. HAVING SAID THAT, I WOULD DO MY BEST. I HAVE TO ADMIT TO A STRONG BIAS IN FAVOR OF THE U.S. ATTORNEY THAT I'M NOT SURE I COULD OVERCOME.

THE COURT: ALL I'M TRYING TO GET AT IS WHETHER YOU'RE GOING TO AUTOMATICALLY VOTE TO INDICT IRRESPECTIVE OF THE FACTS.

A FEW YEARS AGO, I IMPANELED A FELLOW HERE THAT WAS A SERGEANT ON THE SHERIFF'S DEPARTMENT. AND YEARS AGO WHEN I WAS A PROSECUTOR, I WORKED WITH HIM. HE WAS ALL ABOUT ARRESTING AND PROSECUTING PEOPLE. BUT WHEN HE GOT HERE, HE

SAID, "LOOK, I UNDERSTAND THAT THIS IS A DIFFERENT FUNCTION. I CAN PERFORM THAT FUNCTION." HE SERVED FAITHFULLY AND WELL FOR A NUMBER OF -- OVER A YEAR, I THINK. 18 MONTHS, MAYBE. HE EVENTUALLY GOT A PROMOTION, SO WE RELIEVED HIM FROM THE GRAND JURY SERVICE.

BUT, YOU KNOW, HE TOOK OFF ONE HAT AND ONE UNIFORM AND PUT ON A DIFFERENT HAT ON THE DAYS HE REPORTED TO THE GRAND JURY. HE WAS A POLICEMAN. HE'D BEEN INVOLVED IN PROSECUTING CASES. BUT HE UNDERSTOOD THAT THE FUNCTION HE WAS PERFORMING HERE WAS DIFFERENT, THAT IT REQUIRED HIM TO INDEPENDENTLY AND OBJECTIVELY ANALYZE CASES AND ASSURED ME THAT HE COULD DO THAT, THAT HE WOULD NOT AUTOMATICALLY VOTE TO INDICT JUST BECAUSE THE U.S. ATTORNEY SAID SO.

AGAIN, I DON'T WANT TO PUT WORDS IN YOUR MOUTH. BUT I DON'T HEAR YOU SAYING THAT THAT'S THE EXTREME POSITION THAT YOU HAVE. I HEAR YOU SAYING INSTEAD THAT COMMON SENSE AND YOUR EXPERIENCE TELLS YOU THE U.S. ATTORNEY'S NOT GOING TO WASTE TIME ON CASES THAT LACK MERIT. THE CONSCIENTIOUS PEOPLE WHO WORK FOR THE U.S. ATTORNEY'S OFFICE AREN'T GOING TO TRY TO TRUMP UP PHONY CHARGES AGAINST PEOPLE.

MY ANECDOTAL EXPERIENCE SUPPORTS THAT, TOO. THAT DOESN'T MEAN THAT EVERY CASE THAT COMES IN FRONT OF ME I SAY, "WELL, THE U.S. ATTORNEY'S ON THIS. THE PERSON MUST BE GUILTY." I CAN'T DO THAT. I LOOK AT THE CASES STAND-ALONE, INDEPENDENT, AND I EVALUATE THE FACTS. I DO WHAT I'M CHARGED

WITH DOING, WHICH IS MAKING A DECISION BASED ON THE EVIDENCE THAT'S PRESENTED.

SO THAT'S THE QUESTION I HAVE FOR YOU. I CAN UNDERSTAND THE DEFERENCE TO THE U.S. ATTORNEY. AND FRANKLY, I AGREE WITH THE THINGS THAT YOU'RE SAYING. THEY MAKE SENSE TO ME. BUT AT THE END OF THE DAY, YOUR OBLIGATION IS STILL TO LOOK AT THESE CASES INDEPENDENTLY AND FORM AN INDEPENDENT CONSCIENTIOUS BUSINESS-LIKE JUDGMENT ON THE TWO QUESTIONS THAT I'VE MENTIONED EARLIER: DO I HAVE A REASONABLE BELIEF THAT A CRIME WAS COMMITTED? DO I HAVE A REASONABLE BELIEF THAT THE PERSON TO BE CHARGED COMMITTED IT OR HELPED COMMIT IT?

CAN YOU DO THAT?

PROSPECTIVE JUROR: AGAIN, I WOULD DO MY BEST TO DO THAT. BUT I DO BRING A VERY, VERY STRONG BIAS. I BELIEVE THAT, FOR EXAMPLE, THE U.S. ATTORNEY WOULD HAVE OTHER FACTS THAT WOULD RISE TO LEVEL THAT THEY'D BE ABLE TO PRESENT TO US THAT WOULD BEAR ON THE TRIAL. I WOULD LOOK AT THE CASE AND PRESUME AND BELIEVE THAT THERE ARE OTHER FACTS OUT THERE THAT AREN'T PRESENTED TO US THAT WOULD ALSO BEAR ON TAKING THE CASE TO TRIAL. I'D HAVE A VERY DIFFICULT TIME.

THE COURT: YOU WOULDN'T BE ABLE TO DO THAT. WE WOULDN'T WANT YOU TO SPECULATE THAT THERE'S OTHER FACTS THAT HAVEN'T BEEN PRESENTED TO YOU. YOU HAVE TO MAKE A DECISION BASED ON WHAT'S BEEN PRESENTED.

BUT LOOK, I CAN TELL YOU I IMAGINE THERE'S PEOPLE IN

THE U.S. ATTORNEY'S OFFICE THAT DISAGREE WITH ONE ANOTHER ABOUT THE MERITORIOUSNESS OF A CASE OR WHETHER A CASE CAN BE WON AT A JURY TRIAL.

IS THAT RIGHT, MR. ROBINSON?

MR. ROBINSON: ON OCCASION, YOUR HONOR. NOT VERY OFTEN.

THE COURT: IT COMES UP EVEN IN AN OFFICE WITH PEOPLE CHARGED WITH THE SAME FUNCTION. I DON'T WANT TO BEAT YOU UP ON THIS, [redacted]. I'M EQUALLY CONCERNED WITH SOMEBODY WHO WOULD SAY, "I'M GOING TO AUTOMATICALLY DROP THE TRAP DOOR ON ANYBODY THE U.S ATTORNEY ASKS." I WOULDN'T WANT YOU TO DO THAT. IF YOU THINK THERE'S A POSSIBILITY YOU'LL DO THAT, THEN I'D BE INCLINED TO EXCUSE YOU.

PROSPECTIVE JUROR: I THINK THAT THERE'S A POSSIBILITY I WOULD BE INCLINED TO DO THAT.

THE COURT: I'M GOING TO EXCUSE YOU, THEN. THANK YOU. I APPRECIATE YOUR ANSWERS.

LADIES AND GENTLEMEN, IF YOU'LL GIVE ME JUST A SHORT PAUSE. I'M GOING TO RECESS THIS PROCEEDING. I HAVE A JURY TRIAL OUT. THE JURY HAS SENT A QUESTION. I'M GOING TO DISCUSS HOW TO ANSWER THE QUESTION WITH COUNSEL. YOU'RE ALL WELCOME TO STAY AND LISTEN TO THIS. WE'LL BE IN RECESS MOMENTARILY.

--OOO--

THE COURT: NOW BACK TO THE GRAND JURY IMPANELMENT.

AND WE WERE ABOUT TO CALL A REPLACEMENT FOR [redacted]

THE CLERK: [redacted]

THE COURT: GOOD MORNING, [redacted]

PROSPECTIVE JUROR: GOOD MORNING. MY NAME IS [redacted] I LIVE IN [redacted] I'M RETIRED. MARRIED FOR [redacted] YEARS.

THE COURT: GOOD FOR YOU. YOU KNOW WHAT THEY SAY ABOUT THAT. THE REASON THAT COUPLES CAN STICK TOGETHER THAT LONG, ALL THOSE YEARS YOU'VE BOTH BEEN IN LOVE WITH THE SAME MAN.

PROSPECTIVE JUROR: MY HUSBAND [redacted]

THE COURT: [redacted]

PROSPECTIVE JUROR: AND HE'S BEEN [redacted]

THE COURT: HE'S AN ALUMNUS OF THE [redacted] HE WENT TO [redacted]

PROSPECTIVE JUROR: I WENT TO [redacted] COLLEGE.

THE COURT: I'M A GRADUATE OF PT. LOMA COLLEGE. PROBABLY A LITTLE BEFORE YOU.

PROSPECTIVE JUROR: I DON'T THINK SO.

I HAVE [redacted] ADULT CHILDREN. MY [redacted] WORKS FOR [redacted] SHE'S IN [redacted]. ONE [redacted] WORKS WITH [redacted] AND I HAVE A [redacted] WHO

WORKS FOR [redacted]

THE COURT: IS HE AN [redacted]

PROSPECTIVE JUROR: [redacted] HE WORKS FOR THE [redacted]

I'VE BEEN ON TWO TRIALS: ONE WAS A MUNICIPAL COURT TRIAL. IT WASN'T CRIMINAL. MONEY WAS INVOLVED. AND THE OTHER ONE WAS A CRIMINAL. AND THE FIRST ONE WAS IN THE '80'S SOMETIME. THE LAST ONE WAS PROBABLY TEN YEARS AGO. AND YES, I CAN BE FAIR.

THE COURT: HOW'S THE [redacted] GOING.

PROSPECTIVE JUROR: VERY WELL.

THE COURT: WHEN I WAS STILL A COLLEGE STUDENT, WE HAD EMBARKED UPON A SPEAKERS PROGRAM. I GOT TOGETHER WITH [redacted] AT [redacted] AND WE MADE AN ARRANGEMENT WHERE THE SPEAKERS WOULD COME. AND THESE WERE [redacted] THE [redacted] DRAWS IN PEOPLE OF STATURE THAT HAVE SOMETHING IMPORTANT TO SAY.

WE USED TO HAVE THEM STAY AT THE [redacted] AND THE [redacted] SAID THAT "IF THEY'LL POSE FOR A PICTURE HERE AT THE [redacted] THEN ALL THE ACCOMMODATIONS ARE ON US," WHICH WAS A GREAT ACCOMMODATION FOR OUR LITTLE TINY SPEAKERS PROGRAM. BUT THEY WOULD SPEAK AT THE COLLEGE THE NIGHT BEFORE BACK IN 1976, AND THEN THEY'D GO TO [redacted] THE NEXT DAY.

SO I HAVE FOND MEMORIES OF THAT. PLEASE GIVE [redacted] MY REGARDS.

PROSPECTIVE JUROR: I WILL.

THE COURT: [redacted]

PROSPECTIVE JUROR: I'M [redacted] I LIVE IN [redacted] EARS IN THE NAVY AS A NAVAL AVIATOR. 28 YEARS IN INDUSTRY, IN R&D, DEFENSE INDUSTRY. I'M MARRIED. MY WIFE IS [redacted] SHE DID [redacted] ADULT CHILDREN, ALL OVER 40: [redacted] OF THEM PRODUCED CHILDREN FOR A LIVING, I THINK. MY DAUGHTER IS [redacted] IN [redacted] I HAVE A [redacted] UP IN THE BAY AREA WHO'S IN [redacted] AND ONE [redacted] IN [redacted] WHO DOES [redacted] FOR [redacted] ONE'S A [redacted] WHO [redacted] AT [redacted] AND [redacted] THE [redacted] I HAVE BEEN SELECTED AND BOUNCED OFF A NUMBER OF FEDERAL AND STATE JURIES, BUT I DID SERVE ON ONE CIVIL CASE IN THE SUPERIOR COURT. I UNDERSTAND THE DISTINCTION BETWEEN THAT WORK AND THE GRAND JURY.

THE COURT: THE BASIS FOR BOUNCING YOU, WERE YOU PRO PROSECUTION OR PRO DEFENSE?

PROSPECTIVE JUROR: I THINK HALF THE TIME IT WAS JUST THE MILITARY EXPERIENCE. THE STORY IS IN COURT MARTIAL, IF IT WEREN'T TRUE, THEY WOULDN'T HAVE CHARGED THEM TYPE OF THING.

THE COURT: YOU HEARD [redacted] HE ADHERED TO THAT KIND OF BELIEF IN THIS CIVILIAN PROCEEDING.

YOU'RE NOT OF THAT FRAME OF MIND?

PROSPECTIVE JUROR: NO.

THE COURT: IT'S UNFAIR TO ASK YOU WHY YOU WERE BOUNCED. I'D HAVE TO ASK THE LAWYERS. WHEN WE PICK TRIAL JURIES A LOT OF TIME, SOME PEOPLE -- I TALK TO PEOPLE LIKE MY NEIGHBORS AND ALL. THEY SAY, "THEY BOUNCED ME OFF." THEY'RE UPSET ABOUT IT. AND I TRY TO ASSUAGE THEM BY SAYING, "LOOK, LET ME TELL YOU SOMETHING." AND THIS IS IN A TRIAL JURY CONTEXT. "IT REALLY SAYS MORE ABOUT THE LAWYER THAN IT DOES ABOUT YOU. BECAUSE LAWYERS HAVE THESE IDEAS OF WHO THEY WANT ON A JURY OR WHAT THE COMPOSITION OF THE JURY OUGHT TO BE."

EVA'S HEARD ME TELL THIS STORY BEFORE. WHEN I WAS A YOUNG LAWYER TRYING CASES JUST STARTING OUT, MY RULE OF THUMB AS TO THE TEN CHALLENGES I HAD WAS NO ONE YOUNGER THAN I AM. IF THEY'RE YOUNGER THAN I AM, THEY HAVEN'T HAD TO MAKE HARD DECISIONS. THEY DON'T HAVE A SUFFICIENT STAKE IN THE COMMUNITY. I COULD RATTLE OFF THREE OR FOUR JUSTIFICATIONS FOR IT.

THE TRUTH OF THE MATTER IS I PROBABLY BOUNCED A LOT OF PEOPLE THAT WOULD HAVE BEEN FINE. IT REALLY ILLUSTRATES THE POINT THAT IT SAYS MORE ABOUT THE LAWYER THAN IT SAYS ABOUT THE PERSON BEING BOUNCED.

THANK YOU, [redacted] I APPRECIATE YOUR ANSWERS.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A PRODUCTION SCHEDULER. I'M

MARRIED. MY WIFE [redacted] I HAVE [redacted] BOYS FROM [redacted] TO [redacted]

THE COURT: YOU POOR SOUL.

PROSPECTIVE JUROR: I HAVE NO TRIAL EXPERIENCE, AND I COULD BE FAIR.

THE COURT: MY GOODNESS.

WHAT'S THE AGE SPAN BETWEEN YOUR BOYS?

PROSPECTIVE JUROR: FROM [redacted] TO [redacted]. THEY KEEP ME VERY BUSY.

THE COURT: I RAISED TWO THAT WERE TWO YEARS APART, AND THAT KEPT ME RUNNING ALL THE TIME.

YOU HAVE [redacted] HUH?

PROSPECTIVE JUROR: WE TRIED FOR A GIRL, AND IT NEVER WORKED.

THE COURT: DO YOU HAVE BROTHERS AND SISTERS?

PROSPECTIVE JUROR: I HAVE ANOTHER BROTHER AND TWO SISTERS.

THE COURT: HIGH INCIDENCE OF BOYS IN YOUR FAMILY?

PROSPECTIVE JUROR: VERY MUCH.

THE COURT: DID YOUR MOTHER HAVE A LOT OF BOYS, TOO?

PROSPECTIVE JUROR: MY SISTER HAS [redacted] BUT MY COUSINS, IT'S LIKE [redacted] BOYS AND [redacted] GIRLS.

THE COURT: IT MUST BE SOMETHING IN ONE'S GENETIC CODE. WE HAVE TO ASK THE DOCTOR, THE GENETICIST, ABOUT IT. MY FAMILY TREE RUNS THE SAME WAY, ALMOST ALL BOYS. ALL OF US

Case 3:07-cr-00491-BTM Document 18 Filed 07/30/2007 Page 51 of 69



KNOCK OUT BOYS. I DIDN'T KEEP GOING.

PROSPECTIVE JUROR: I'M DONE.

THE COURT: THANK YOU, [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A REGISTERED NURSE. I'M MARRIED. WE HAVE [redacted] ADULT CHILDREN. MY HUSBAND WORKS FOR [redacted] HE'S A [redacted] ONE [redacted] IS A [redacted] WHO WORKS FOR [redacted] A [redacted] IS [redacted] AND ANOTHER [redacted] IS AN [redacted] AND ONE [redacted] IS A [redacted] I HAVE NO EXPERIENCE AS A JUROR. AND I THINK I CAN BE FAIR.

THE COURT: [redacted] YOU'RE GOING TO HEAR CASES, I'M SURE, INVOLVING AGENTS [redacted]

YOU SAID YOUR OTHER SON IS A [redacted]

PROSPECTIVE JUROR: HE'S AN [redacted]

THE COURT: ONE'S AN [redacted] AND THE OTHER IS.

PROSPECTIVE JUROR: A [redacted]

THE COURT: I THOUGHT YOU HAD TWO [redacted]

JUST ONE?

PROSPECTIVE JUROR: MY HUSBAND WORKS FOR [redacted]D [redacted]

THE COURT: YOU'RE GOING TO BE HEARING CASES FROM [redacted] AND [redacted]

CAN YOU BE OBJECTIVE ABOUT THOSE CASES? CAN YOU LISTEN TO THE FACTS AND MAKE A STAND-ALONE DECISION ON EACH CASE WITHOUT INSTINCTIVELY SAYING, "WELL, THEY WORK FOR THE [redacted] AS MY SON OR MY HUSBAND."

PROSPECTIVE JUROR: I THINK I CAN BE FAIR.

THE COURT: THAT WOULD BE YOUR OBLIGATION. YOU'RE NOT AUTOMATICALLY DISQUALIFIED. AS YOU HEARD ME SAY, WE HAD A SERGEANT ON THE SHERIFF'S DEPARTMENT THAT WAS SERVING ON ONE OF OUR GRAND JURIES. SO IT'S NOT AUTOMATICALLY DISQUALIFYING. BUT YOU HAVE TO BE ABLE TO ASSURE ME THAT "I'LL LOOK AT THESE CASES INDEPENDENTLY. I UNDERSTAND THE IMPORTANCE OF ACTING AS A BUFFER BETWEEN THE GOVERNMENT'S POWER TO CHARGE SOMEONE WITH A CRIME AND THEN BRINGING THEM TO TRIAL. AND I'LL FULFILL THAT FUNCTION CONSCIENTIOUSLY."

YOU CAN DO THAT?

PROSPECTIVE JUROR: I CAN DO THAT.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A TRAFFIC ENGINEER WITH THE CITY OF [redacted]

THE COURT: MAYBE YOU CAN GET THOSE TELEPHONE POLES DOWN. I HAVE A BIG POLE RIGHT ON THE LEFT SIDE. I JUST READ

IN THE PAPER THAT WE'RE GOING TO PAY MORE FOR OUR TELEPHONE BILLS SO THAT THEY CAN TAKE ALL THESE POLES DOWN, AND I EXPECTED TO HEAR THAT CHAINSAWS THE NEXT MORNING. YOU CAN BET WHEN THE NEXT BILL COMES, I'M GOING TO HAVE THE ASSESSMENT.

YOU DON'T KNOW ANYTHING ABOUT THAT?

PROSPECTIVE JUROR: THE PEOPLE IN THE UTILITIES PROGRAM KNOW.

I'M NOT MARRIED. I DON'T HAVE ANY CHILDREN. I WAS JUST ON A CRIMINAL CASE IN THE SUPERIOR COURT JUST LAST MONTH. SO I'M GETTING HIT AGAIN HERE. AND I UNDERSTAND THE DIFFERENCE BETWEEN TRIAL AND --

THE COURT: I WAS GOING TO SAY, YOU MUST BE REPORTING EARLY AND OFTEN IF YOU'VE BEEN CALLED FOR BOTH STATE AND FEDERAL SERVICE AT THE SAME TIME.

PROSPECTIVE JUROR: I CAN BE FAIR.

THE COURT: THANK YOU, [redacted]

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M AN INVESTIGATOR AND HOUSING COORDINATOR FOR THE [redacted] I'M MARRIED FOR 12 YEARS. MY HUSBAND IS [redacted] WE DON'T HAVE CHILDREN BY CHOICE. I DON'T HAVE ANY EXPERIENCE IN THE COURT SYSTEM. I CAN BE FAIR. IT WOULD BE AN HONOR, SIR.

THE COURT: THANK YOU. I APPRECIATE YOUR ANSWERS.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A CHILDCARE WORKER/MENTAL HEALTH WORKER WORKING WITH ABUSED -- PHYSICALLY AND SEXUALLY ABUSED CHILDREN. I'M NOT MARRIED. I DON'T HAVE ANY KIDS. I DON'T HAVE ANY EXPERIENCE AS A TRIAL JUROR. YES, I CAN BE FAIR.

THE COURT: THANK YOU, [redacted]

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] CALIFORNIA. THAT'S [redacted]

THE COURT: WELCOME.

PROSPECTIVE JUROR: I'M AN AIRCRAFT MECHANIC FOR [redacted] I'M MARRIED. MY WIFE IS A [redacted]

THE COURT: DO YOU HAVE ANY LAW ENFORCEMENT FUNCTION AT ALL?

PROSPECTIVE JUROR: I'M [redacted]

I HAVE TWO ADULT BOYS. AND I HAVE NO EXPERIENCE IN FEDERAL COURT. AND I CAN BE FAIR.

THE COURT: YOU CAN EVALUATE THESE CASES INDEPENDENTLY? YOU'RE ACTING AS A CITIZEN AND NOT SO MUCH AS A [redacted] DO YOU UNDERSTAND THAT?

PROSPECTIVE JUROR: YES.

THE COURT: [redacted] IS THE [redacted] CALIFORNIA?

PROSPECTIVE JUROR: THAT'S ABOUT IT.

THE COURT: MY SON JUST WENT OVER TO THE [redacted] AT [redacted] WE DROVE HIM IN THE SUMMER. I WANTED TO GET OVER THERE QUICKLY. SOMEBODY WARNED ME AFTERWARDS THAT THEY'RE A VERY AGGRESSIVE [redacted] HIGHWAY PATROL.

PROSPECTIVE JUROR: THEY'RE OUT THERE.

THE COURT: CAN I USE YOUR NAME IN CASE I GET STOPPED?

THANK YOU, [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I DO CONVENTION SERVICES AT THE [redacted] IN [redacted] I'M NOT MARRIED. I HAVE NO KIDS. I DON'T HAVE ANY EXPERIENCE AS A TRIAL JUROR. AND I COULD BE FAIR.

THE COURT: THANK YOU. WE'RE GLAD TO HAVE YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] MY WIFE AND I ARE BOTH RETIRED. WE HAVE [redacted] ADULT CHILDREN.

THE COURT: WHAT WAS YOUR WORK BEFORE YOU RETIRED?

PROSPECTIVE JUROR: I WAS [redacted] YEARS AN EDUCATOR.

AND WE HAVE NINE GRANDCHILDREN. OUR IMMEDIATE ADULT CHILDREN, ONE IS A SUCCESSFUL [redacted] ONE IS A SUCCESSFUL [redacted] MY [redacted] OF [redacted] IN [redacted] AND PART OF [redacted] AND

UNFORTUNATELY, MY OTHER SON HAS [redacted] HE HAS BEEN [redacted] FOR SEVERAL YEARS. I'VE HAD EXPERIENCE ON ONE TRIAL. IT WAS A CRIMINAL CASE AT THE VISTA COURTHOUSE. AND I CERTAINLY CAN BE FAIR.

THE COURT: THANK YOU.

[redacted] GOOD AFTERNOON.

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M MARRIED. I HAVE [redacted] CHILDREN. ONE IS A [redacted] MY WIFE IS A [redacted] IN [redacted] MY SON IS A [redacted] AT [redacted] I'M A CONTRACT OFFICER FOR THE NAVY WORKING AT THE [redacted] AT [redacted] AND I'VE BEEN CALLED THREE TIMES. I'VE NEVER BEEN IMPANELED ON A JURY. I'VE STATED MY PRO POLICE VIEWS.

THE COURT: YOU CAN SERVE IN THIS FUNCTION AS A GRAND JUROR OBJECTIVELY, LOOK AT THE EVIDENCE, AND ANSWER THE QUESTIONS THAT I'VE REPEATED NOW SEVERAL TIMES: DO I HAVE A REASONABLE BELIEF THAT A CRIME WAS COMMITTED? DO I HAVE A REASONABLE BELIEF THAT THE PERSON THEY WANT ME TO INDICT EITHER COMMITTED THE CRIME OR ASSISTED WITH IT?

PROSPECTIVE JUROR: YES, SIR.

THE COURT: THANK YOU, [redacted]

PROSPECTIVE JUROR: [redacted]. I LIVE IN [redacted]

THE COURT: HOW IS THAT?

PROSPECTIVE JUROR: I LOVE BEING [redacted] I WOULD HAVE WALKED TODAY, EXCEPT I THINK IT'S GOING TO RAIN.

I'M A CPA. I'M MARRIED. NO CHILDREN. AND I HAVE NEVER SERVED ON A JURY. AND I CAN BE FAIR.

THE COURT: THANK YOU [redacted]

PROSPECTIVE JUROR: [redacted] I LIVE IN [redacted] I DO NOT WORK. I'VE BEEN MARRIED FOR [redacted] YEARS. MY HUSBAND IS RETIRED FROM THE [redacted] BUT NOW IS A [redacted]

THE COURT: WHAT WAS HIS JOB WITH THE [redacted]

PROSPECTIVE JUROR: HE WAS A [redacted] BUT ALWAYS WORKED IN [redacted]

THE COURT: WHAT DOES HE DO NOW AS A [redacted] WITH THE [redacted]

PROSPECTIVE JUROR: HE'S A [redacted] EMPLOYEE. HE WORKS IN [redacted] AND THEN, FOR EXAMPLE, [redacted] HE'LL BE WORKING [redacted] AT THE [redacted]

THE COURT: LET'S HOPE THEY WIN THAT GAME.

PROSPECTIVE JUROR: YES.

THE COURT: I'M A LITTLE WORRIED ABOUT IT. I WAS

TORN WITH THE KANSAS CITY CHIEFS. I WAS HOPING -- I THOUGHT THEY WOULD BE THE EASIER TEAM FOR THE CHARGERS TO BEAT.

PROSPECTIVE JUROR: WE HAVE [redacted] ADULT [redacted] AND [redacted] GRANDCHILDREN. OUR [redacted] IS A [redacted] AND [redacted] FOR [redacted]. OUR [redacted] IS A [redacted] FOR [redacted] COMPANY IN [redacted] I'VE BEEN CALLED, BUT NEVER SERVED ON A JURY. YES, I COULD BE FAIR.

THE COURT: YOU SAY THAT MINDFUL OF EVERYTHING YOU LEARNED ON THE TAPE AND ALL THE QUESTIONS AND ANSWERS THAT HAVE BEEN GIVEN SO FAR?

PROSPECTIVE JUROR: YES.

THE COURT: [redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN THE [redacted] I'M UNEMPLOYED AT THE CURRENT TIME. I'M A HOUSEWIFE. I WAS A BOOKKEEPER FOR SEVERAL YEARS. I'VE BEEN MARRIED FOR 19. MY SPOUSE IS A [redacted] WE HAVE [redacted] ADULT [redacted], BOTH WHO LIVE IN [redacted] ONE WORKS IN [redacted] THE OTHER [redacted] I THINK I WAS CALLED FOR TRIAL JURY OVER AT SUPERIOR COURT ABOUT 15 YEARS AGO, BUT I DON'T REMEMBER -- I DON'T THINK I WAS IMPANELED, AT LEAST NOT THAT I REMEMBER. I LIKE THINGS TO BALANCE OUT. I LIKE TO FIND HOW THINGS WORK. THAT'S WHY I ENJOY WORKING WITH NUMBERS. I GREW UP ABOUT 20 MINUTES AWAY FROM GILLETTE STADIUM.

THE COURT: YOU'RE WORRIED, TOO.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] NOW. I JUST MOVED DOWN THERE FROM [redacted] I WORK FROM HOME AS A MORTGAGE BROKER, AND I'VE DONE THAT FOR [redacted] YEARS. NO KIDS. NEVER BEEN MARRIED. I HAVE BEEN CALLED FOR JURY DUTY, BUT NEVER PULLED UP FROM MAIN SELECTION. AND YES, I CAN BE FAIR.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: [redacted] I LIVE IN [redacted] I DON'T WORK. I'M MARRIED. MY HUSBAND WORKS FOR [redacted] I HAVE [redacted] KIDS. NO EXPERIENCE. AND I CAN BE FAIR.

THE COURT: WHAT DOES HE DO FOR THE [redacted]

PROSPECTIVE JUROR: HE'S [redacted].

THE COURT: WAS HE A [redacted]

PROSPECTIVE JUROR: NO. HE [redacted]S. HE'S [redacted] FOR A MILLION YEARS. HE TRAVELS. WE LIVE [redacted] AND HE JUST TRAVELS.

THE COURT: WHERE DO THEY DO [redacted]

PROSPECTIVE JUROR: [redacted]

THE COURT: YOU JOIN HIM SOMETIMES FOR [redacted]

PROSPECTIVE JUROR: YES.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE [redacted] I WORK AT A CHILDREN'S BOOK STORE IN [redacted] I'M MARRIED. MY HUSBAND WORKS [redacted] MY [redacted] ADULT CHILDREN, MY OLDEST [redacted] GRADUATED FROM [redacted] AS A [redacted] HE'S A [redacted]. MY SECOND [redacted] GRADUATED FROM [redacted] HE'S AN [redacted] I'VE BEEN CALLED TO JURY DUTY, BUT NEVER IMPANELED. I CAN BE FAIR.

THE COURT: LET ME TEST MY MEMORY WITH YOU. "WHERE THE WILD THINGS ARE."

PROSPECTIVE JUROR: [redacted]

THE COURT: IS THAT BOOK STILL VERY POPULAR?

PROSPECTIVE JUROR: VERY. I CAN'T KEEP IT ON THE SHELF. THAT'S WHAT EVERYBODY WANTS FOR A BABY GIFT.

THE COURT: [redacted] DO YOU USE THAT BOOK WITH YOUR BOYS?

PROSPECTIVE JUROR: YES.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A TEACHER AND A COACH FOR ADOLESCENT KIDS; HEALTH, P.E., LA CROSSE. I'M MARRIED. MY SPOUSE IS [redacted]. HE'S GONE BACK TO

SCHOOL. HE TINKERS IN THE [redacted] I DON'T HAVE ADULT CHILDREN. I HAVE HAD EXPERIENCE IN CRIMINAL AND CIVIL CASES.

THE COURT: HOW MUCH EXPERIENCE? YOU'VE SAT ON BOTH CRIMINAL AND CIVIL JURIES?

PROSPECTIVE JUROR: YES, SIR.

THE COURT: WHEN WAS YOUR MOST RECENT JURY EXPERIENCE?

PROSPECTIVE JUROR: APPROXIMATELY FIVE YEARS AGO, A CIVIL CASE.

THE COURT: LET ME PUT TO YOU THE QUESTION THAT I PUT TO MANY WHO'VE HAD BOTH TYPES OF JURY EXPERIENCE.

YOU UNDERSTAND THE DISTINCTION HERE THAT THIS GRAND JURY WOULD PERFORM A DIFFERENT FUNCTION FROM THE ONE --

PROSPECTIVE JUROR: I UNDERSTAND THAT.

THE COURT: AND [redacted] I WANT TO MAKE SURE I GOT YOUR LAST ANSWER.

YOU CAN BE FAIR?

PROSPECTIVE JUROR: I CAN BE FAIR.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I LIVE IN [redacted] I'M A CATHOLIC DEACON AT A CHURCH [redacted] AND I'M ALSO PRESIDENT OF A COMPANY IN [redacted] THAT MAKES [redacted] FOR [redacted] I'VE BEEN MARRIED FOR [redacted] YEARS. MY WIFE IS A [redacted] SHE [redacted]

WORK. I HAVE [redacted] ADULT CHILDREN AND TWO GRANDCHILDREN. MY [redacted] IS A [redacted] FOR [redacted] THE [redacted] MY [redacted] DOES [redacted] ON [redacted] AT [redacted] AT [redacted] AND HE'S PRESENTLY [redacted] AS WE DISCUSSED. TEN YEARS AGO, I WAS A JUROR ON A CIVIL CASE. AND I HAVE TO SAY I'M SOFT ON IMMIGRATION BECAUSE I'VE DONE VOLUNTEER WORK WITH IMMIGRANTS IN THE FIELD. BUT I DO NOT THINK THAT WOULD STAND IN MY WAY OF MAKING FAIR AND OBJECTIVE DECISIONS.

THE COURT: AS YOU HEARD ME EXPLAIN EARLIER TO ONE OF THE PROSPECTIVE GRAND JURORS, WE'RE NOT ABOUT TRYING TO CHANGE PEOPLE'S PHILOSOPHIES OR ATTITUDES HERE. THAT'S NOT MY BUSINESS. BUT WHAT I HAVE TO INSIST ON IS THAT YOU FOLLOW THE LAW THAT'S GIVEN TO US BY UNITED STATES CONGRESS. WE ENFORCE THE FEDERAL LAWS HERE.

I THINK I CONFESSED ALOUD THAT THERE'S SOME OF THE LAWS THAT I DISAGREE WITH THAT I HAVE TO ENFORCE. SO IT'S NOT ABOUT ME OR MY PHILOSOPHIES. IT'S ABOUT PERFORMING A CONSCIENTIOUS FUNCTION HERE AND SEEING IF THE FACTS SUPPORT AN OUTCOME ONE WAY OR THE OTHER.

CAN YOU DO THAT?

PROSPECTIVE JUROR: I DON'T THINK I WOULD HAVE ANY PROBLEM.

THE COURT: THANK YOU.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted] I

Case 3:07-cr-00491-BTM Document 18 Filed 07/30/2007 Page 63 of 69



LIVE IN [redacted] I HAVE WORKED AS A CHEMICAL ENGINEER, AS A LAWYER, AS A SOCIAL WORKER, AND AS A LAW SCHOOL PROFESSOR.

THE COURT: WHAT WAS DISCIPLINE IN THE LAW? WERE YOU AN INTELLECTUAL PROPERTY LAWYER?

PROSPECTIVE JUROR: NO. LABOR LAW AND PERSUASIVE WRITING AT [redacted]

THE COURT: WHEN YOU PRACTICED, WHERE DID YOU PRACTICE?

PROSPECTIVE JUROR: I WAS WITH CORPORATIONS IN NEW YORK; [redacted] WHO BUILT THE [redacted] THAT I WAS INVOLVED IN. I WENT FROM THAT TO [redacted] WHO BUILT THE [redacted] AND I WENT IN-HOUSE WITH [redacted] BUT I'VE ALSO BEEN WITH LARGE LAW FIRMS IN [redacted] AND [redacted]

THE COURT: INTERESTING AND VARIED LEGAL CAREER, HUH?

PROSPECTIVE JUROR: YES.

I'VE BEEN MARRIED FOR [redacted] YEARS TWICE AND NOT DIVORCED. THAT ALSO ADDS UP TO [redacted] HAPPY YEARS. MY CURRENT WIFE WORKS FOR THE [redacted] SHE [redacted] INCIDENTALLY, SHE WAS [redacted] WHO [redacted] FROM HIS [redacted]

THE COURT: HER FIRST HUSBAND?

PROSPECTIVE JUROR: YES.

THE COURT: INTERESTING.

MR. [redacted] IS TALKING ABOUT THE CASE THAT PROBABLY ALL OF US KNOW FROM TV, THE MIRANDA DECISION, WHERE YOU HAVE TO TELL THE SUSPECTS BEFORE YOU QUESTION THEM "YOU HAVE A RIGHT TO REMAIN SILENT. ANYTHING YOU SAY CAN AND WILL BE HELD AGAINST YOU IN A COURT OF LAW."

HE WAS THE LAWYER FOR ERNESTO MIRANDA, HUH?

PROSPECTIVE JUROR: THAT WAS AN ACLU CASE.

WHEN [redacted]

THE COURT: HE GOT KILLED IN A BAR FIGHT IN PHOENIX YEARS AFTER HE WAS VINDICATED.

PROSPECTIVE JUROR: THAT'S RIGHT. WHEN THE POLICE CAME TO ARREST THE SUSPECT, THEY KNEW THEY HAD TO READ SOMETHING TO HIM. THEY WEREN'T SURE WHAT. AND THE OTHER POLICEMAN WHO WAS LOOKING THROUGH THE VICTIM'S -- MIRANDA'S WALLET SAID, "LOOK HERE. I FOUND SOMETHING. I THINK THIS IS IT." SO THE GUY WHO KILLED MIRANDA WAS READ HIS MIRANDA RIGHTS FROM WHAT WAS IN MIRANDA'S WALLET.

THE COURT: AMONG THE MEMORABILIA THAT [redacted], DID HE ACTUALLY AUTOGRAPH ANY OF THOSE CARDS?

PROSPECTIVE JUROR: I DIDN'T GO THROUGH IT. IT WAS BOXES AND BOXES OF PAPERS.

THE COURT: I WOULD IMAGINE IN THIS DAY, THAT WOULD

BE SOMETHING THAT COULD FETCH MONEY ON EBAY.

PROSPECTIVE JUROR: THAT WAS PRE-EBAY.

I HAD [redacted] NATURAL CHILDREN, TWO OF WHOM ARE ALIVE. ONE IS A [redacted] AND THE OTHER HAS A [redacted] ONE OF MY CHILDREN WHO DIED WAS A LITIGATION ATTORNEY IN [redacted]. I HAVE [redacted] STEPCHILDREN. ONE IS A CRIMINAL DEFENSE LAWYER IN [redacted] COUNTY, AND THE OTHER IS AN [redacted] I WAS SEATED AS A CRIMINAL JUROR IN SUPERIOR COURT. WE ACQUITTED. AND I CERTAINLY CAN BE FAIR.

THE COURT: THANK YOU, [redacted] I APPRECIATE YOUR ANSWERS.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted]. I GO BY [redacted] AFTER A TWO-YEAR MISSION FOR MY CHURCH, I WAS FORTUNATE TO MARRY MY CHILDHOOD SWEETHEART. WE'VE BEEN MARRIED FOR [redacted] YEARS. SHE'S A DOMESTIC GODDESS. WE HAVE [redacted] CHILDREN. WE HAVE ONE [redacted] OUR [redacted] OLDER ARE MARRIED. OUR [redacted] IS A STUDENT. OUR OTHER CHILDREN, ONE IS IN [redacted] THE OTHER IS THE [redacted] WITH [redacted] AS FAR AS MY LIVING, I'M AN ARCHITECT. I'M [redacted]. WE SPECIALIZE IN [redacted], GENERALLY MORE TOWARDS INSTITUTIONAL WORK. WE DO LIBRARIES FOR THE CITY OF [redacted] AND [redacted] I HAVE EXPERIENCE IN TERMS OF TRIAL, BUT IT'S LIMITED TO EXPERT WITNESS PRIMARILY ON ZONING ISSUES AND

CONSTRUCTION DEFECT. I'VE PROBABLY BEEN INVOLVED IN SOMEWHERE BETWEEN 13 AND 15 OF THOSE KINDS OF CASES. YOUR HONOR, I WILL BE FAIR.

THE COURT: THANK YOU VERY MUCH, [redacted] I APPRECIATE YOUR ANSWERS.

[redacted]

PROSPECTIVE JUROR: MY NAME IS [redacted]. I LIVE IN [redacted] I'M A REALTOR, AND MY HUSBAND IS A [redacted] WE HAVE ONE [redacted] WHO IS [redacted]. I HAVE HAD NO EXPERIENCE WITH BEING A JUROR. I CAN BE FAIR.

THE COURT: THANK YOU, [redacted]

ONCE AGAIN, I HAVE TO MAKE A DETERMINATION HERE OF WHO MIGHT BE THE FOREPERSON AND DEPUTY FOREPERSON.

[redacted] HOW ABOUT YOU? ARE YOU UP TO THE TASK OF SERVING AS THE FOREPERSON? LET ME TELL YOU ABOUT THE ROLE OF A FOREPERSON.

PROSPECTIVE JUROR: I HAD [redacted] AGO. I'M DOING FINE, BUT SOME DAYS --

THE COURT: I'M GOING TO APPOINT A DEPUTY FOREPERSON, TOO. LET ME TELL YOU WHAT THE FUNCTION IS.

IT USED TO BE WHEN THE GRAND JURY DECIDED ON A GROUP OF CASES AND DECIDED TO RETURN INDICTMENTS IN CASES, THE ENTIRE GRAND JURY WOULD HAVE TO COME DOWN AND AFFIRM THAT "THESE ARE OUR DECISIONS." A FEW YEARS AGO, FIVE, SIX, SEVEN YEARS AGO, CONGRESS PASSED A LAW THAT SAID, "WE'LL ALLOW THE

FOREPERSON OF THE GRAND JURY TO COME DOWN AND REPRESENT TO THE COURT THE RESULTS OF GRAND JURY BALLOTING"

SO TYPICALLY, AS YOU HEARD ME MENTION, ONCE THE GRAND JURY SESSION IS THROUGH FOR THE DAY, THE GRAND JURY FOREPERSON OR DEPUTY FOREPERSON WILL COME DOWN AND ATTEST TO THE COURT ALONG WITH THE APPROPRIATE PAPERWORK THE RESULTS OF GRAND JURY'S WORK FOR THE DAY. THAT WOULD BE ABOUT IT.

THE OTHER THING IS THE U.S. ATTORNEY WOULD LOOK TO YOU TO HELP SCHEDULE SESSIONS WITH THE GRAND JURY, TO GET A CONSENSUS AMONG GRAND JURORS ABOUT BREAKS OR HOW LONG YOU WANT TO GO, THAT TYPE OF THING. I DON'T WANT TO SAY IT'S NOT IMPORTANT, BUT IT'S NOT GOING TO TAX YOUR RESOURCES MUCH MORE, I DON'T THINK, THAN JUST SIMPLY SERVING AS A GRAND JUROR. THERE IS A LITTLE MORE INVOLVED, AND YOU HAVE A TITLE.

PROSPECTIVE JUROR: I'D RATHER BE THE DEPUTY.

THE COURT: WELL, THEN, LET'S SWITCH PLACES. [redacted] I WAS GOING TO CALL UPON YOU TO SEE IF YOU'D BE INTERESTED IN BEING A DEPUTY. [redacted] WOULD DEFER TO YOU AS THE FOREPERSON.

ARE YOU WILLING TO TAKE THAT ASSIGNMENT?

PROSPECTIVE JUROR: I WOULD BE.

THE COURT: I'LL APPOINT [redacted] AS THE FOREPERSON OF THE GRAND JURY AND [redacted] AS THE DEPUTY FOREPERSON.

NOW, I MENTIONED THE POSSIBILITY THAT THERE MIGHT BE PEOPLE THAT WANTED TO SWITCH BETWEEN THURSDAY AND FRIDAY

Case 3:07-cr-00491-BTM Document 18 Filed 07/30/2007 Page 68 of 69



PANELS. I'VE BEEN INFORMED THAT ONE OF THE GRAND JURORS FROM THE FIRST PANEL, THE WEDNESDAY PANEL, WOULD PREFER TO SIT ON THURSDAYS.

IS THERE ANYONE ON THIS THURSDAY PANEL -- OKAY. ALL RIGHT.

LET ME TAKE FIRST THINGS FIRST.

TURNING MY ATTENTION BACK TO THE WEDNESDAY PANEL, WHO IS IT THAT WOULD PREFER -- [redacted]

I'M GOING TO TRY TO GET YOU IN ORDER.

[redacted] SPOKE UP FIRST.

[redacted], [redacted], [redacted]

LET ME SEE IF I HAVE FOUR SIMILARLY SITUATED PEOPLE ON THURSDAY THAT WANT TO GO TO WEDNESDAY.

MR. COOPER, I'M GOING TO SWITCH YOU WITH [redacted]

[redacted], I'LL SWITCH YOU WITH [redacted]

[redacted], I'LL SWITCH YOU WITH [redacted]

AND [redacted] I'LL SWITCH YOU WITH [redacted]

IS THERE ANYONE ELSE WHO EITHER WANTS TO SWITCH OR IS INDIFFERENT?

[redacted] I'LL SWITCH YOU WITH [redacted]

I LIKE TO BE ACCOMMODATING TO EVERYBODY. AND SEEING NO MORE HANDS, I'M NOT GOING TO MAKE ANY MORE INQUIRIES.

[redacted] WILL YOU STAND.

[redacted]

I PROPOSE SWITCHING THE TWO OF THEM.

DO YOU WANT THEM TO SWITCH PHYSICALLY RIGHT NOW?

THE CLERK: NO.

THE COURT: [redacted] AND [redacted] THOSE TWO WILL SWITCH.

[redacted] AND [redacted] WILL SWITCH.

[redacted] AND [redacted] WILL SWITCH.

[redacted] ON THE END AND [redacted]

WE'LL MAKE THOSE SWITCHES AT THE APPROPRIATE TIME.

LADIES AND GENTLEMEN, THOSE OF YOU WHO HAVE BEEN SELECTED TO SIT ON THE GRAND JURY, IF YOU'LL STAND AND RAISE YOUR RIGHT HAND, PLEASE.

--OOO--

I HEREBY CERTIFY THAT THE TESTIMONY ADDUCED IN THE FOREGOING MATTER IS A TRUE RECORD OF SAID PROCEEDINGS.

S/EVA OEMICK 7-3-07

EVA OEMICK DATE
OFFICIAL COURT REPORTER